WIGGINTON, Chief Judge.
Plaintiffs’ complaint filed in the trial court prayed for a mandatory injunction requiring defendant to remove from their property certain structures encroaching thereon, and in addition to enjoin defendant from committing a continuing trespass on the property upon which the encroaching structures are located. From an order transferring. the cause to the law side of the court for trial on the issue relating to ownership of the disputed parcel of land, plaintiffs have appealed. It is their contention that there can be no dispute as to their ownership and right to possession of the parcel on which defendant’s structures encroach, and that under the allegations of the complaint they are entitled to an injunction and other equitable relief as a matter of law.
The complaint alleges that on August 22, 1952, plaintiffs Overstreet purchased from defendant Lamb a rectangular parcel of land approximately 130 feet wide and 700 feet long adjacent to the South right-of-way line of a public road in Dixie County, Florida. .The parcel so purchased is described by metes and bounds in the complaint, and there is attached thereto as an exhibit a true copy of the warranty deed by which defendant conveyed to plaintiffs the mentioned property. It is alleged that by virtue of the conveyance referred to, plaintiffs became the owners and entitled to exclusive possession of the property conveyed to them on which they maintain a dwelling occupied as their home. It is further alleged that subsequent to the conveyance mentioned in the complaint defendant entered upon the property previously conveyed by her, and caused to be constructed on a triangular strip located near the westerly boundary thereof a fence and shed for use as a garage. The triangular strip of land so encroached upon by *899 defendant, and included within the fence constructed by her, is specifically described by metes and bounds in the complaint. This description establishes that the disputed triangular strip lies wholly within the rectangular parcel of land conveyed by defendant to plaintiffs under the warranty deed executed in August, 1952. It is alleged that at the time of encroachment plaintiffs admonished defendant that the fence she was constructing enclosed a part of the property theretofore conveyed by her to plaintiffs, whereupon defendant agreed to have a survey made for the purpose of determining the correct western boundary of plaintiffs’ property, and further agreed that if the survey showed defendant’s fence to include any portion of the land theretofore conveyed the fence would be removed and the encroachment eliminated. It is alleged that contrary to this agreement defendant not only refused to have the property surveyed for the purposes mentioned, but completed the construction of her fence and erection of the garage on the triangular strip in dispute, and notified plaintiff that unless restrained she would continue to hold possession of the disputed strip of land to the exclusion of plaintiffs’ rights in the premises. It is lastly alleged that unless defendant is enjoined to remove the structures built by her on plaintiffs’ property, plaintiffs will be irreparably injured by the loss of use of the strip so occupied by defendant; will be harassed, vexed and annoyed, and required to institute a multiplicity of actions to protect their rights.
Defendant answered the complaint by which she admitted the construction of the fence and garage as alleged in the complaint, and admitted that she was in possession of and occupying the disputed triangular strip of land described in the complaint. She alleges, however, that she is the owner of the disputed strip, and that she and her predecessors in title have been in actual possession thereof for more than sixteen years prior to the filing of this action. She alleges that the plaintiffs have never been in possession of the disputed strip of property; that they have no title thereto, and denies their right to possession thereof. Defendant claims that she is holding possession of the disputed strip openly, notoriously and adversely to any right or claim thereto by plaintiffs. By her answer defendant moved the court for the entry of an order transferring the cause to the law side of the court for a settlement of the issues raised by the pleadings.
The primary question with which we are confronted on this appeal is whether under the issues framed by the pleadings, the suit is one to be determined in accordance with equitable principles, or whether the questions presented are purely issues of law to which defendant is entitled to trial by jury. As we analyze the complaint and answer filed in response thereto, it clearly appears that this is not a suit involving a property line dispute. Neither is it a suit in which the parties are claiming title to a parcel of land under diverse chains of title or by adverse possession.
The complaint adequately describes the rectangular parcel of land conveyed by defendant to plaintiffs in August 1952. Defendant does not dispute this conveyance, and she is in no position to dispute the legal implications arising therefrom which vest plaintiffs not only with title, but with right to exclusive possession of the land so conveyed. The complaint also adequately describes by metes and bounds the triangular strip or parcel of land now in dispute, and clearly shows that such disputed parcel lies wholly within the rectangular parcel conveyed by defendant to plaintiffs. Defendant’s answer admits that she has enclosed the disputed parcel with a fence, and is maintaining possession of it adversely to plaintiffs’ rights. The question confronting us is whether defendant may lawfully dispute plaintiffs’ claim of title to the strip of land in question, and their right to the exclusive possession thereof as against defendant, in view of the prior conveyance of title by defendant to plaintiffs in 1952. Defendant does not allege in her answer that plaintiffs subsequently reconveyed to *900 her the disputed triangular strip, nor does she claim that since making the conveyance in August 1952, she has adversely occupied the strip and paid taxes thereon for the statutory period prerequisite to establishing title in her by adverse possession.[1]
It is a settled principle of law prevailing in this state that a person who purports to convey an estate by deed is estopped as against the grantee to assert anything in derogation of the deed; that for the purpose of defeating the title of the grantee such person will not be heard to say that no title passed to the grantee by the deed, nor can he deny to the deed its full operation and effect as a conveyance.[2] It well may be that prior to the execution of the conveyance by defendant to plaintiffs in August, 1952, the defendant and her predecessors in title owned and enjoyed the exclusive title and possession of the rectangular parcel conveyed to plaintiffs as alleged in her answer. It might also be true that subsequent to the conveyance in question defendant continued to remain in possession of the disputed triangular strip which lies wholly within the rectangular parcel so conveyed, as is likewise alleged in defendant’s answer. Neither of these facts, however, provide any basis for relief to defendant, as she is estopped to assert continued ownership or continued right to possession of the disputed strip after her conveyance of August, 1952, under the doctrine of equitable estoppel above-mentioned. If defendant had denied that the disputed triangular strip was located within the rectangular parcel previously conveyed by her to plaintiffs, the issues made by the pleadings would be entirely different from what they are found to be under the pleadings contained in this record. In the latter event the dispute would be over the true location of the boundary line between the plaintiffs’ and defendant’s land, which issues are traditionally resolved by a suit at law in ejectment. Under these circumstances it would have been proper for the trial court to transfer the cause to the law side of the court for final disposition. In view of defendant’s admission in her answer that she occupies and holds adversely to plaintiffs the triangular strip which is shown to lie wholly within the rectangular parcel conveyed by defendant to plaintiffs, the defensive allegations of the answer are of no avail, and constitute no defense to plaintiffs’ claim of title and right to possession.
The only remaining question is whether under the circumstances herein-above related plaintiffs have sufficiently alleged a cause of action for injunctive relief. That defendant’s act in excluding plaintiffs from the full possession and enjoyment of the parcel of land conveyed by defendant to plaintiffs constitutes a continuing trespass cannot be questioned. Entitlement to injunctive relief to restrain a continuing trespass on land owned by the complaining party is recognized in this jurisdiction.[3] Plaintiffs having established by the allegations of their complaint a right to injunctive relief, the trial court erred in entering its order transferring the cause to the law side of the court for final disposition. If this cause is permitted to continue as a suit in law as ordered by the trial court, defendant would be precluded from offering any evidence in derogation of plaintiffs’ title or right to possession of the disputed triangular strip in question under the doctrine of estoppel by deed. A verdict and judgment in favor of plaintiffs could do no more than entitle plaintiffs to a writ of assistance placing them in possession of the disputed strip. No provision could be made in the final judgment for restraining defendant from committing a continuing trespass on the property in *901 volved. Plaintiffs would then be forced to the necessity of filing a separate action in equity to mandatorily require defendant to remove her fence and garage from plaintiffs’ property and to restrain the continuing trespass. The law does not look with favor upon a multiplicity of suits when plaintiffs’ right to full and complete relief can be afforded in one action. It is our view, and we so hold, that suit for injunction under the circumstances existing in this case was proper. Accordingly the order transferring the case to the law side of the court is hereby reversed and the cause is remanded for further proceedings.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. F.S. Sec. 95.18, F.S.A.

. Spencer v. Wiegert, FIa.App.1959, 117 So.2d 221; Daniell v. Sherrill, Fla.1950, 48 So.2d 736, 23 A.L.R.2d 1410; Reid v. Barry, 93 Fla. 849, 112 So. 846.

. Baylen Street Wharf Co. v. City of Pensacola, Fla.1949, 39 So.2d 66; 17 Fla.Jur., Injunction, § 44, p. 402.