RAWLS, Judge.
This appeal involves a dispute between Frances G. Kach, the adopted daughter of A. D. Spencer, and The Florida First National Bank at Ocala, ancillary administrator c.t.a. of the Estate of A. D. Spencer. The only question submitted to this court is whether a 1955 deed conveyed a life estate or an estate in fee simple to the grantees, one of whom was A. D. Spencer.
By the deed in question, dated December 12,1955, the Greens conveyed about 40 acres of land in Marion County to 1. the party of the second part, T. C. MacFarland, 2. the parties of the third part, Charles W. Ewing and wife Helen C. Ewing, and 3. the parties of the fourth part, A. D. Spencer and wife Della Spencer. The habendum clause provides:
“TO HAVE AND TO HOLD, all and singular the said premises unto the said parties of the second, third and fourth parts as joint tenants, and to the survivor of them and upon the death of said survivor to the heirs of the parties of the second, third and fourth parts herein. It is hereby expressly declared that the party of the second part does have an undivided one-third (1/3) interest herein, that the parties of the third part do have an estate by the entireties as to their undivided one-third (1/3) interest herein, and that the parties of the fourth part do likewise have an estate by the entireties as to their undivided one-third (1/3) interest herein, and that the interest of the parties of the second, third and fourth parts (each being an undivided one-third (1/3) is held as joint tenants with the rights of survivorship and upon the death of one of such parties said property shall go to the survivor until the last of said parties shall die, at which time said property shall go to the heirs and assigns forever of all grantees herein.”
The Appellants note that the deed does not mention the words “life estate” or “estate for life”, but they contend that no special words are necessary to create a life estate; that this deed purported to create a life estate in the grantees with remainder to their heirs; and ' that the statute abolishing the rule in Shelley’s case[1] operated to create an estate for life with remainder per stirpes to the life tenants’ lineal descendants.
The chancellor rejected this construction and held that the deed made an “absolute conveyance” and not a life estate, so the one-third undivided interest of A. D. Spencer (who had survived his wife) vested in The Florida First National Bank at Ocala, as administrator of the estate of A. D. Spencer, deceased. We construe the words “absolute conveyance” to mean fee simple or fee simple absolute and concur.
Although no certain words need be used in order to create a life estate, it is necessary that the language employed in the instrument as a whole clearly manifests the intention to do so. Proper construction is plainly a matter of ascertaining the intent of the parties.[2] Where the deed is ambiguous surrounding circumstances and separate deeds and instruments executed by the parties at the same time may be admitted to arrive at the real intent.[3]
Here such an instrument existed. On the same date the deed was executed, the grantees executed an agreement which referred to the deed, described the property involved, and recited that the purpose thereof was to set out in more particularity their *256 intentions as to the “use, occupancy, and other rights in and to said land.” Pertinent portions of that agreement are:
“4. The right to exclusive use and occupancy of the tract of land hereinabove described shall vest in the parties hereto equally and upon the death of any of said parties shall vest in the survivors of them until the death of the last surviving party at which time title and right to use and occupancy shall vest in the heirs, executors, administrators or assigns of the parties hereto as the same may be and this agreement shall terminate.
* * * * * *
“8. This agreement shall be binding upon the heirs, executors, administrators and assigns of the parties hereto, it being specifically understood and agreed that no heir, legatee, devisee, or assignee of any of the parties shall have any right in respect to the use and occupancy of said real estate until after the death of the last surviving party of this agreement.”
The agreement also contained a paragraph relating to the procedures to be used should one grantee desire to sell his interest. In such cases the other grantees had an option to purchase, but failure to do so constituted an “election- by all parties to sell complete title.”
The ability to sell complete title and the use of the words “executors”, “administrators”, “assigns”, “legatee” and “devisee” is a clear indication that the parties who purchased the property and paid for same intended to retain the power of disposing of it by will or by sale. Such a power is inconsistent with the taking of a life estate in which case the estate in remainder vests in the remaindermen at the time of executing the deed.[4] Furthermore, the two paragraphs of the agreement quoted above strongly indicate an intention to control only exclusive use and occupancy, and not the type of estate created. These two factors coupled with the failure to clearly show an intent of the purchasers to acquire for themselves only a life estate apparently influenced the able chancellor to conclude that the grant to the joint tenants and to their heirs was a fee simple conveyance, and that the grantees reserved unto themselves the exclusive use and occupancy of the property until the death of the last surviving grantee.
As authority for the proposition that no certain words are necessary to create a life estate, Appellants rely primarily upon Anemaet v. Martin-Senour Company, supra, which reviews a number of cases wherein property was deeded to certain persons but the grantor or grantors reserved in the deed either (1) the right to use and occupy the premises as long as he shall live, (2) the right to use the premises and reap the profits during his lifetime, or (3) a life tenance with right to use and residence unmolested for the rest of his life. These cases held that the grantor reserved a life estate for himself. However, in these cases there was a positive creation of an estate in remainder at the time of creating the life estate. That is the element missing in the case sub judice. Here the language employed did not clearly manifest an intention to create a life estate, nor did it clearly create an estate in remainder, either of which would have lent support to Appellant’s contention.
Since the verbiage used in the deed is consistent with the creation of a fee simple estate in the grantees, subject to a special restriction as to use and occupancy, and since the agreement supports this construction, we find no error.
Affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Section 689.17, Florida Statutes, F.S.A.

. Anemaet v. Martin-Senour Company, 114 So.2d 23 (Fla.App.2d 1969).

.10 Fla.Jur., Deeds §§ 111 and 113 and cases cited therein.

. See 21 Fla.Jur., Life Estates, etc. §§ 14,15.