PER CURIAM.
Defendants, Joanne Poerschke, and her two children, Joed and Kathy, a minor, appeal from final judgment in favor of the plaintiffs, Frances Fandrey and Walter Fandrey, her husband, the parents of Joanne and grandparents of Joed and Kathy, in an action based on a complaint for a mandatory injunction.
In the amended complaint, the Fandreys allege that the defendants took the following personal property, belonging to the Fandreys: a box containing $88,000 in cash and documents and papers, including records, recorded and unrecorded deeds, mortgages, notes, cancelled checks and bank statements. They further allege that the defendants removed some $309,000 in cash from two safe deposit boxes; that the defendants removed and converted to their personal use all of the furniture, furnishings and personal effects owned by the plaintiffs; that since the filing of the original complaint, the court ordered that $224,700 be placed in a 90-day certificate of deposit in an escrow account. The complaint sought a mandatory injunction *100 ordering the defendants to return all of the cash, documents and papers and other property of the plaintiffs. Following a non-jury trial, the judge ruled in favor of the plaintiffs and ordered the return of all of the cash and property, plus an additional $69,300 judgment against all defendants. The trial court entered a final amended judgment, in which the following findings are made:
“1. That the defendants did on April 1, 1973, unlawfully take from the plaintiff, FRANCES FANDREY, a shoe box containing the sum of EIGHTY EIGHT THOUSAND . . . DOLLARS cash money. That the claim of the defendant, KATHY POERSCHKE, that the above monies were hers by a gift from her grandmother, FRANCES FANDREY, is completely unfounded. It was never a gift or intended as a gift. In addition, there was no delivery of said monies.
That the sum of EIGHTY EIGHT THOUSAND . . . DOLLARS taken by the defendants and contained in said box, less the sum of TWENTY THOUSAND . . . DOLLARS thereof subsequently returned to the plaintiff, FRANCES FANDREY, making a total amount of SIXTY EIGHT THOUSAND . DOLLARS is the property of the plaintiffs and has not been returned to them by the defendants, nor has said sum been commingled with the cash contained in the two (2) safe deposit boxes referred to in the next ensuing paragraph.
2. That the defendants, JOANNE POERSCHKE and JOED POERSCHKE, did on April 2, 1973, remove all of the cash monies contained in the deposit boxes numbered 418 and 466 in the Hialeah-Miami Springs First State Bank and the International Bank of Miami respectively, said monies being the property of the plaintiffs, save and except the sum of TEN THOUSAND . . . DOLLARS which is the property of the defendant, JOANNE POERSCHKE. Said monies, less the sum of TEN THOUSAND . . . DOLLARS were unlawfully taken and withheld from the plaintiffs by the defendants. Of the monies taken from the safe deposit boxes above, the sum of TWO HUNDRED TWENTY-NINE THOUSAND SEVEN HUNDRED . . . DOLLARS was subsequently deposited by the defendants in the United National Bank of Dadeland, although the total sum of the monies taken from the foregoing boxes exceeded the amount of TWO HUNDRED TWENTY-NINE THOUSAND SEVEN HUNDRED . . . DOLLARS.
It is further unbelieveable to this Court that the defendants, JOANNE POERSCHKE and her son, JOED POERSCHKE, did not count the monies taken from the safety deposit boxes while the cash money was in their possession and prior to being deposited in the bank. As stated previously, none of the monies that were deposited in the United National Bank of Dadeland were from the shoe box money.
3. That of the sum of TWO HUNDRED TWENTY-NINE THOUSAND SEVEN HUNDRED . . . DOLLARS referred to above, FIFTY THOUSAND . . . DOLLARS was given to HENRY W. CLAR, Attorney for the Defendants, and that the total of said sum of TWO HUNDRED TWENTY-NINE THOUSAND SEVEN HUNDRED . . . DOLLARS, less FIVE THOUSAND . . . DOLLARS was subsequently marshalled and placed in an escrow Certificate of Deposit purchased from the City National Bank of Miami under the provisions of the Orders of this Court dated May 31, 1973, and June 5, 1973.
That the said FIVE THOUSAND DOLLARS was to be used for payment of the defendant’s costs and a like amount was distributed from the foregoing funds by Order dated December 10, 1973, to be used in payment of the plaintiffs’ costs.
That the foregoing sum of FIVE THOUSAND . . . DOLLARS ad *101 vanced for defendants’ costs shall be offset against the sum of TEN THOUSAND . . . DOLLARS which was the property of the defendant, JOANNE POERSCHKE, and contained in the safe deposit boxes. The remaining sum of FIVE THOUSAND . . . DOLLARS which was owned by the defendant, JOANNE POERSCHKE, in the safe deposit boxes shall be offset against the sum of SIXTY EIGHT THOUSAND . DOLLARS taken by the defendants from the shoe box, thereby leaving a balance in the amount of SIXTY THREE THOUSAND . . . DOLLARS.
4. That the United States currency which comprised the sum of TWO HUNDRED TWENTY-NINE THOUSAND . DOLLARS described above consists primarily of old bills of the series 1920’s through 1950’s and was bound in aging and old packets and bands.
5. That the defendants did, on or after April 1, 1973, take from the plaintiffs certain documents, records, deeds, recorded and unrecorded, mortgages, notes, can-celled checks and bank statements. A portion of the foregoing items were returned to the plaintiffs on August 1, 1973, pursuant to an Order of Production entered in this cause on June 25, 1973, as amended July 23, 1973.
6. That on or after May 23, 1973, the defendants did unlawfully convert to their own use the furniture, furnishings and personal effects owned by the plaintiffs and located in the premises described as 2984 S. W. 16th Street, Miami, Florida. 7. That on or after May 23, 1973, the defendants did unlawfully remove from the premises located at 2968 S. W. 16th Street, Miami, Florida, substantially all of the furniture, furnishings and personal effects therein located and owned by the plaintiffs. That the Inventory attached hereto . . . constitutes personalty so removed, and are the properties of the plaintiffs, and are now stored at Bond Transfer, Inc. 8.That the Inventory attached hereto . represents personalty deposited in safe deposit boxes rented by the defendants, JOANNE POERSCHKE and JOED POERSCHKE, at the Southeast Bank of Miami on Coral Way and the Coral Gables Federal Savings and Loan Association respectively.
That all of the miscellaneous silverware deposited therein, together with one (1) complete set of eight (8) of each of the Wallace Sterling items are the property of the plaintiffs and the balance of the Wallace Sterling is the property of the defendant, JOANNE POERSCHKE.
******
12. That tried in this suit by the express and implied consent of the parties was the issue of the ownership of certain properties hereinafter enumerated:
A. . . . 3111 N. W. 60th Street, Miami, Florida
B. . . . 3111 N. W. 66th Street, Miami, Florida
C. . ... 3074 N. W. 67th Street, Miami, Florida
D. . .. . 5535 and 5541 N. W. 30th Avenue, Miami, Florida
E. . . . 3072 N. W. 66 Street, Miami, Florida
F. . . . 2928 N. W. 55 Street, Miami, Florida
G. . . . Mortgage interest in and to Lot 3, Block 1, Parcel A. INDIAN WATERWAYS, Monroe County, Florida
H. . . . 3278 N. W. 103rd Street, Miami, Florida
which were purchased by the plaintiff, FRANCES FANDREY, with her own monies and the defendant, JOANNE POERSCHKE, subsequently became a joint tenant by the addition of her name to the documents evidencing title thereto. *102 This Court finds that the plaintiff, FRANCES FANDREY, is entitled to all of the proceeds, either rentals or on mortgages relating to such properties for her life-time. That the receipt by the plaintiff, FRANCES FANDREY, of the proceeds from either the rental or the mortgage payments on the abóvedescribed properties was proper and no accounting need to be made to the defendant, JOANNE POERSCHKE, as to any of the monies collected by FRANCES FANDREY.
13. That tried in this suit by the express and implied consent of the parties was the issue of the ownership of the rear house known as 2910 S. W. 16th Street, Miami, Florida ....
This Court finds that the foregoing property is owned exclusively by the plaintiffs, FRANCES FANDREY and WALTER FANDREY, and any and all monies collected from the rental on said property are the sole monies of the plaintiffs and no accounting needs to be made to the defendant, JOANNE POERSCHKE, as to any monies collected.
It is therefore
ORDERED AND ADJUDGED as follows :
1. That plaintiffs’ Amended Complaint is granted and defendants’ Counterclaim is denied.
2. That the sum of TWO HUNDRED TWENTY-NINE THOUSAND FIVE HUNDRED EIGHTY-FOUR AND 36/100 . . . DOLLARS, together with accrued interested (sic) invested in Certificate of Deposit No. 10577 issued by the City National Bank of Miami on December 10, 1973 under previous Order of this Court shall be paid over forthwith to the plaintiffs, FRANCES FANDREY and WALTER FANDREY, her Husband, and said plaintiffs do have of and recover from the defendants such funds.
The City National Bank of Miami is hereby directed to pay the proceeds of the foregoing Certificate of Deposit to the plaintiffs, FRANCES FANDREY and WALTER FANDREY, her Husband, and the escrow agents, EDWARD P. SWAN and HENRY W. CLAR, are directed to forthwith execute any and all documents necessary to effect such distribution.
3. That the plaintiffs, FRANCES FAN-DREY and WALTER FAND.REY, her Husband, do have of and recover from the defendants, JOANNE POERSCHKE, JOED POERSCHKE and KATHY POERSCHKE, a minor, a money judgment in the amount of SIXTY-THREE THOUSAND . . . DOLLARS for which let execution issue.
4. That the defendants, JOANNE POERSCHKE, JOED POERSCHKE, and KATHY POERSCHKE, a minor, shall forthwith return to the plaintiffs, FRANCES FANDRY and WALTER FANDRY, her Husband, all of the furniture, and in addition thereto,' all personal effects owned by the plaintiffs, and furnishings located in the premises described as 2984 S. W. 16th Street, Miami, Florida and said plaintiffs do have of and recover from said defendants such chattels.
5. That all of the items of personalty enumerated in Exhibit A attached 'hereto are to be returned to the plaintiffs, FRANCES FANDREY and WALTER FAN-DREY, her Husband, forthwith and the said plaintiffs do have of and recover such personalty from the defendants, JOANNE POERSCHKE, JOED POERSCHKE and KATHY POERSCHKE, a minor. It is further ordered that Bond Transfer, Inc. is authorized and directed to deliver all of said items to the plaintiffs forthwith and any costs incurred by Bond Transfer, Inc. is to be paid by the defendant, JOANNE POERSCHKE.
6. That the plaintiffs, FRANCES FAN-DREY and WALTER FANDREY, her Husband, do have of and recover from the defendants, JOANNE POERSCHKE, JOED POERSCHKE and KATHY *103 POERSCHKE, a minor, all of the miscellaneous silverware, together with one (1) complete set of eight (8) of each of the Wallace Sterling items now on deposit in the defendants’ safe deposit boxes rented in the Southeast Bank of Miami on Coral Way and the Coral Gables Federal Savings and Loan Association respectively and described in Exhibit B attached hereto. Said defendants are ordered to forthwith deliver the foregoing items to the plaintiffs.
7.That the plaintiffs, FRANCES FAN-DREY and WALTER FANDREY, her Husband, shall and do have a life estate in and to the following described properties:
A. . . . 3111 N. W. 60th Street, Miami, Florida
B. . . . 3111 N. W. 66th Street, Miami, Florida
C. . . . 3074 N. W. 67th Street, Miami, Florida
D. . . . 5535 & 5541 N. W. 30th Avenue, Miami, Florida
and the remainder, interest upon the death of both FRANCES FANDREY and WALTER FANDREY, her Husband, shall vest in the defendant, JOANNE POERSCHKE.
It is further ordered that said plaintiffs shall not be compelled to account to the defendant, JOANNE POERSCHKE, for any rentals past or future collected on said properties. As to the mortgagee interest in and to Lot 3, Block 1, Parcel A, INDIAN WATERWAYS, Monroe County, Florida, the plaintiffs, FRANCES FANDREY and WALTER FANDREY, her Husband, shall own a life estate in and to said mortgage with the remainder interest therein to vest in the defendant, JOANNE POERSCHKE, and no accounting shall be made by the plaintiffs to said defendant.
As to the following described properties:
A. . . . 3072 N. W. 66th Street, Miami, Florida
B. . . . 2928 N. W. 55 Street, Miami, Florida
C.. . . 3278 N. W. 103rd Street, Miami, Florida
the plaintiffs, FRANCES FANDREY and WALTER FANDREY, her Husband, shall and do have a life estate as to any mortgagee interest or other interest present or past therein and need not account to the defendant, JOANNE POERSCHKE, as to any income therefrom. '
8. That the defendant, JOANNE POER-SCHKE, is directed to deed forthwith unto the plaintiffs, FRANCES FANDREY and WALTER FANDREY, her Husband, all of her right, title and interest, in and to the
South 50 feet of Lot 2, Block 10, of GRAPELAND REVISED, as recorded in Plat Book 3 at Page 196 of the Public Records of Dade .County, Florida.
This Judgment shall operate as a conveyance of the aforedescribed property to the plaintiffs upon the failure of the defendant, JOANNE POERSCHKE, to so deed such property within thirty (30) days from the date of this Judgment.
9. That the plaintiffs do have of and recover from the defendants all costs of this proceeding which shall be taxed upon motion at a later date.
10. That all of the documents not produced on August 1, 1973, pursuant to this Court’s Order of Production dated June 25, 1973 as amended July 23, 1973, shall be produced forthwith by the defendants.
11. That the plaintiff, FRANCES FAN-DREY, is relieved of liability as principal on that cash Injunction Bond executed May 30, 1973 and approved by the Clerk of this Court on June 12, 1973 in the sum of TEN THOUSAND . . . DOLLARS.
That the Clerk of this Court is directed forthwith to pay over to the plaintiff, FRANCES FANDREY, such sum of TEN THOUSAND . . . DOLLARS cash as posted by her, less any lawful expenses of the Clerk.” (Legal descriptions omitted *104 from finding’s #12, #13, and from adjudicatory paragraph #7.)
The appellants have presented several points on appeal, three of which are meritorious. The first point is that the trial court erred in creating life estates by final judgment in favor of the Fandreys in and to certain property in which defendant, Joanne Poerschke, owned a joint interest by virtue of recorded deeds or recorded mortgages, when such life estates were not established or reserved in the recorded instruments by which Joanne acquired title as a joint tenant with her mother, plaintiff Frances Fandrey. The names of both Frances and Joanne appear as the grantees in warranty deeds or as joint mortgagees in the four mortgages. None of the documents by which these estates were created contain conditions, reservations or limitations. By paragraph 12 of the amended final judgment, recited above, a life estate was created in favor of Frances Fandrey as to real estate and mortgages owned by Frances and Joanne as joint tenants under recorded warranty deeds or mortgages, giving Frances the right to collect all rental and mortgage payments derived from the name properties for life without accounting therefor to Joanne. By adjudicatory paragraph 7, a life estate is created in favor of joint tenant Frances Fandrey together with husband, Walter, who had no interest in the properties, according both of them the right, without accounting, to all rentals and proceeds. In essence, then, the amended final judgment has created a life estate to property proceeds in one joint tenant and in a stranger to the property, in spite of the fact that the joint tenancy interests of Frances and Joanne were created by recorded instruments, none of which provides for any life estate.
Although Frances testified at the trial that Joanne’s name was added to the instruments as grantee or mortgagee at a later time, it is undisputed that Frances acquiesced to the creation of the joint tenancy. She contends, however, that there was an understanding that she (Frances) was to have a life interest in the properties and to receive all of the income derived therefrom until her death, whereupon all the interest would go to Joanne. It is stated in 21 Fla.Jur., Life Estates, § 3, that a life estate may be created by deed or by will. Although no certain words need be used in order to create a life estate, it is necessary that the language employed in the instrument as a whole clearly manifests an intention to do so. Anemaet v. Martin Senour Company, Fla.App.1959, 114 So.2d 23; Kach v. Cooley, Fla.App.1967, 201 So.2d 254. Under the facts and the instruments presented in this case, absent a showing of intent from the instruments themselves, this portion of the judgment is improper and should be reversed.
The second point is that the trial court erred in ordering a reconveyance to the plaintiffs of a portion of one of Joanne’s solely owned properties, acquired by a completed, delivered and recorded warranty deed from the plaintiffs vesting unconditional fee simple title in Joanne Poerschke. By paragraph 13 of the amended final judgment, the court vested in Frances and Walter Fandrey exclusive ownership in the described property and the right to collect all rental monies therefrom, and the judgment directed defendant Joanne'to convey her fee simple title of the south 50 feet of this property to the plaintiffs by deed. The record shows that this property had originally been deeded in fee simple by the plaintiffs to defendant Joanne Poerschke and her then husband. Subsequently, Joanne acquired her husband’s undivided half interest. At the time of the litigation, fee simple title had long since been vested in Joanne. There was conflicting testimony as to whether it was her homestead. At the rear south 50 feet of the lot there had been erected a small house used for rental purposes. No trial testimony was adduced from Frances with specific respect to this property, however, *105 her husband, Walter, testified that the original deed in fee simple to Joanne (and her then spouse) was conditional upon the construction of a house on the property and its approval by the building department, followed by .a re-conveyance of the rear portion back to the plaintiffs. Joanne denied the existence of any agreements or contracts, oral or written, calling for such re-conveyance. Having reviewed the record in this regard it appears that the original conveyance in fee to defendant Joanne and spouse was clear, unconditional and vested fee title in the property in them as named grantees. It also appears that this deed was one of long standing; that title to all of the property had ultimately become vested in fee in Joanne; that the plaintiffs had obviously made no prior effort to upset or attack this conveyance; and that no written instrument of any character was produced in support of the claimed agreement to reconvey. The deed itself did not contain such a condition. Applying the settled principle of Florida law, that “a person who purports to convey an estate by deed is estopped as against the grantee to assert anything in derogation of the deed; that for the purpose of defeating the title of the grantee such person will not be heard to say that no title passed to the grantee by the deed, nor can he deny the deed its full operation and effect as a conveyance” (Overstreet v. Lamb, Fla.App.1961, 128 So.2d 897 and cases cited therein) to the facts of this case, it was error for the trial court to order a reconveyance of the property to the plaintiff. This portion of the order is reversed.
The third point is that the trial-court erred in entering a money judgment in favor of the plaintiffs where none was sought in the complaint and where the evidence did not support such an award. We agree. Our review of the record shows that there was no competent substantial evidence to support the award of a $69,300 judgment against all of the defendants. Therefore, it is reversed.
The remaining points raised by the defendants on appeal are not well taken. Therefore, for the reasons stated and on the authorities cited, the amended final judgment herein appealed is affirmed in all respects except the three discussed above.
Affirmed in part and reversed in part.