PER CURIAM.
This is an appeal by the decedent’s daughter, Rena Myers, from an order of the circuit court construing a warranty deed involving the decedent’s residence in a probate proceeding. The circuit court construed the subject deed, after taking testimony below, as a valid conveyance by the decedent Fredrick W. Stewart of a life es *834 tate in the decedent’s residence to Ricky Stewart, the decedent’s son, with a remainder interest to Sara F. Stewart Francis, another daughter of the decedent. We disagree and reverse because, simply stated, the warranty deed is so incomplete and confused as to be totally void.
The deed in question names Sara F. Francis, rather than the decedent, as the grantor of the decedent’s residence and does not contain the name of the grantee; the portion of the deed reserved for the name of the grantee is left entirely blank. It is settled in Florida that a deed which does not contain the name of the grantee, as here, is void and inoperative as a conveyance. Miami Gardens, Inc. v. Conway, 102 So.2d 622, 625 (Fla.1958); Simpson v. Hirshberg, 159 Fla. 25, 29-30, 30 So.2d 912, 914 (1947).
Beyond that, the deed further contains a cryptic handwritten provision: “Two have + hold for Ricky Stewart as long as they Both shall Live, as they keep up the Property and Taxes[.]” This provision purports to create some type of estate in someone for the lives of some unnamed persons, who are required to keep up the property and pay the taxes thereon, for the benefit of Ricky Stewart. Plainly, this provision totally fails to create a life estate of any type in anyone, much less a life estate in Ricky Stewart — and fails, as well, to cure the fatal deficiency as to who the grantee or grantees of the subject deed may be. Contrary to the argument of the appellees, Sara Francis and Ricky Stewart, extrinsic evidence is only admissible to resolve ambiguities in a deed, but cannot be utilized tó rewrite, as here, an otherwise hopelessly confused and void deed. Cf. Each v. Cooley, 201 So.2d 254, 255 (Fla. 1st DCA 1967).
The final order under review is reversed, and the cause is remanded to the circuit court with directions to declare the subject deed null and void.
Reversed and remanded.