ON MOTION FOR REHEARING AND CLARIFICATION
 

 WELLS, Judge.
 

 The appellees have filed motions for clarification and rehearing in connection with the opinion issued by this Court on December 2, 2009. We deny the motion for rehearing, but grant clarification, withdraw our previous opinion, and substitute this corrected opinion in its stead.
 

 Florida Action Films, Inc., Ted Vernon Specialty Automobiles, Inc., Ted Vernon, and Estate Marketing, Inc. appeal from a Final Judgment interpreting and enforcing an easement in a 1935 deed. We agree with the trial court that the express easement is unambiguous and accords only an easement of ingress and egress extending only from the northern border of the parcel conveyed in 1935 to 79th Street on the south. We also agree that no easement by way of necessity over Appellee, Green East # 2 Ltd.’s property has been proved to exist.
 
 [1]
 
 Lastly, we agree that the court below properly enjoined the Appellants herein from their admittedly continuing trespass on Green East’s property.
 
 See Autozone Stores, Inc. v. Northeast Plaza Venture, LLC,
 
 934 So.2d 670, 673 n. 1 (Fla. 2d DCA 2006) (confirming that an injunction is an appropriate remedy for a continuous or repeated trespass);
 
 Overstreet v. Lamb,
 
 128 So.2d 897, 900 (Fla. 1st DCA 1961) (recognizing injunctive relief as an appropriate remedy for “a continuing trespass on land”).
 

 Accordingly, the order on appeal is, in all respects, affirmed.
 

 [1]
 

 . The evidence was that Florida Action Films, Inc. and Estate Marketing, Inc. own two separate parcels of landlocked property that are adjacent to Green East's property. In the lower proceedings, the trial court found that Estate Marketing, Inc.’s property was entitled to an easement by way of necessity over Green East's property and the parties thereafter stipulated to the route of the easement at trial, subject to future modification upon changed circumstances. That easement is not a subject of this appeal and this determination.