CORTINAS, J.
 

 Appellant, Lazaro Rangel (“Rangel”), seeks review of a permanent injunction imposed against him by the trial court. We reverse.
 

 In June 2010, appellee, Pablo Torres (“Torres”), filed a Petition for Protection Against Repeat Violence alleging three instances of violence by Rangel against him. Torres testified at the hearing on the petition that he had been told, by his mother and his brother, that two months prior to the filing of the petition, Rangel had been to Torres’ dwelling with a handgun on his person. Torres concluded, apparently because Rangel had not previously taken a gun to the residence, that Rangel must have come with the intent to kill him. Five years prior to the filing of the petition, Torres and Rangel had engaged in a physical altercation, the result of which was that Torres had been arrested. Without offering any details or timeframes, Torres also alleged that during verbal altercations with Rangel, Rangel had threatened to kill him. Torres also testified, after prompting by the trial court, that Rangel had once tried to kill Torres’ sister, an allegation he had not made in his petition. He offered no further elaboration as to the date of the purported attempt, nor any other details concerning this allegation.
 

 No further evidence was admitted to support the issuing of the injunction. At the hearing, Rangel testified that all the allegations were false. Rangel also sought to elicit testimony from other witnesses, but was not allowed to do so by the trial judge. The trial court did not believe Rangel’s blanket denial, and issued the injunction.
 

 To the extent that a trial court order imposing a permanent injunction rests on factual matters, appellate review is extremely deferential, and reversal is warranted only when abuse of discretion is found. However, review is more expansive when a trial court orders an injunction on solely legal grounds. “To the extent it rests on purely legal matters, an order imposing an injunction is subject to full, or de novo, review on appeal.”
 
 Operation Rescue v. Women’s Health Ctr., Inc.,
 
 626 So.2d 664, 670 (Fla.1993). In this instance, taking the testimony of Torres as entirely credible, accurate and reliable, we find that, as a matter of law, Torres failed to meet the legal requirements for the issuance of a permanent injunction under section 784.046, Florida Statutes (2010).
 

 To be granted an injunction for protection against repeat violence, a petitioner must show that he or she has actually been the victim of repeat violence. § 784.046(4)(a), Fla. Stat. (2010). “Repeat violence” involves at least “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b), Fla. Stat. (2010). “Violence” is defined as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or
 
 *710
 
 false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat. (2010).. Because nothing in Torres’ testimony alleged assault, battery, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury within six months prior to the filing of the petition, the injunction should not have been granted. Accordingly, we reverse.
 

 Reversed.