# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1565
Lower Tribunal No. 14-23118
_____

## Annex Industrial Park, LLC,
Appellant,

vs.

## Corner Land, LLC, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Armas Bertran, and J. Alfredo De Armas and Eduardo E. Bertran, for appellant.

Taylor Espino Vega & Touron, P.A., and Alejandro Espino and Vanessa A. Van Cleaf; Gaebe, Mullen, Antonelli & DiMatteo, and Elaine D. Walter and Mark R. Antonelli, for appellees.

Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

Appellant, defendant below, Annex Industrial Park, LLC appeals the trial court's non-final order that granted Appellee, plaintiff below, Corner Land, LLC's motion for a temporary injunction. We affirm the trial court's order and write only to clarify that a trial court does not abuse its discretion by enjoining an alleged continuing trespass, even if the injunction disturbs, rather than preserves, the status quo.

## I. Facts

The relevant facts are not in dispute. Annex and Corner Land own adjacent commercial parcels in Hialeah, Florida. For several years, Annex, with the permission of Corner Land (and its predecessors), used a portion of Corner Land's property for vehicular access to Annex's heavy-equipment storage business.

In September of 2014, Corner Land withdrew its permission and demanded that Annex cease and desist Annex's use of Corner Land's property. Annex continued to use Corner Land's property, and Corner Land filed suit in circuit court seeking damages and a permanent injunction. Corner Land also filed a motion for a temporary injunction seeking to enjoin Annex's use of Corner Land's property through and until the conclusion of the case.

In July of 2015, the trial court conducted a three-day evidentiary hearing on Corner Land's motion and entered the order on appeal that temporarily enjoined

Annex from using Corner Land's property.[1] We have jurisdiction pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.

## II.  Standard of Review

Normally, we review a trial court's grant of a temporary injunction under an abuse of discretion standard. Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So. 2d 842, 843 (Fla. 3d DCA 2007). When the trial court's decision is based purely on a question of law, however, de novo review is appropriate. Rangel v. Torres, 77 So. 3d 708, 709 (Fla. 3d DCA 2011).

Urging us to employ a de novo review of the temporary injunction, Annex asserts that a temporary injunction is appropriate only to *preserve* the status quo, and, because the injunction in this case *alters*, rather than preserves, the status quo, this Court must reverse the trial court's temporary injunction as a matter of law. Corner Land argues that when, as here, maintaining the status quo results in a continuing trespass, a trial court may enjoin the alleged unauthorized use, so long as the trial court does not abuse its discretion.

We agree with Corner Land in this regard and review the instant injunction under the abuse of discretion standard.

## III.  Analysis

---

[1] The trial court's order required Corner Land to post a $217,000.00 bond to compensate Annex in the event the trial court ultimately determined that the temporary injunction had been improperly entered.

3

Annex's principal argument is that the exclusive purpose of a temporary injunction is to preserve the status quo until the trial court can conduct a final hearing to resolve the parties' dispute. Annex argues that, because Annex has used Corner Land's property for several years, the trial court's temporary injunction upends, rather than preserves, the status quo. Admittedly, on its face, Annex's argument is persuasive. See Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So. 2d 365, 367 (Fla. 4th DCA 1968) (reversing an injunction enjoining a bus company from operating between two Florida cities because the effect of the injunction was to disturb rather than preserve the status quo).

Under the unique facts and circumstances of this case, however, Annex's argument too narrowly defines the contours of Florida's temporary injunction applicability. Corner Land argues, and we agree, that a temporary injunction may also be entered to protect a party's private property rights when, as here, the temporary injunction prevents an alleged ongoing trespass. The trial court does not abuse its discretion by entering the injunction even if the injunction effectively disrupts, rather than preserves, the status quo.

A temporary injunction may be entered to protect a property owner's right to use its land, and exclude unauthorized persons from interfering with that right. See Fla. Action Films, Inc. v. Green E. No. 2, Ltd., 29 So. 3d 471 (Fla. 3d DCA 2010) (Mem) (affirming injunction against admittedly continuing trespass over appellee's

4

land); see also N. Dade Water Co. v. Adken Land Co., 114 So. 2d 347 (Fla. 3d DCA 1959) (affirming temporary injunction enjoining a continuous trespass that interfered with plaintiff's ownership rights); Pena v. Le Comte, 35 S.W. 2d 252 (Tex. Civ. App. 1931) (upholding temporary injunction in favor of appellee where appellant could not demonstrate any legal right to the use of appellee's land).

In this case, after conducting an exhaustive evidentiary hearing, the trial court determined that, after Corner Land had affirmatively withdrawn its consent, Annex's continued use of Corner Land's property was unauthorized. Once the trial court made that determination, it was incumbent upon the trial court to balance the preservation of the status quo (i.e., Annex's unauthorized use of Corner Land's property), against Corner Land's right to exclude others from using its property.

On this record, despite the injunction's disruption of the status quo, we certainly cannot say the trial court abused its discretion by protecting Corner Land's property rights, and enjoining what it determined was Annex's unauthorized use of Corner Land's property.

Affirmed.