IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM C. MAWHINNEY AND RANDALL
A. RALICKI,

       Appellants,

 v.

998 SW 144TH COURT RD, LLC, ET AL.,

       Appellees.

_____/

Case No. 5D15-2185 &
          5D15-2819

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Marion County,
Victor J. Musleh and
David B. Eddy, Judges.

Kelley A. Bosecker, of Law Office of Kelley
A. Bosecker, St. Petersburg, for Appellants.

Michelle L. Klymko, Klymko Law, PA,
Ocala, and Thomas Regnier, of Tom
Regnier Appeals, P.A., Miami Beach, for
Appellee, 998 SW 144th Court Rd, LLC.

No Appearance for other Appellees.

PER CURIAM.

      Randall A. Ralicki and William C. Mawhinney appeal the summary final judgments

of foreclosure entered against them in favor of 998 SW 144th Court Rd, LLC. We are

compelled to reverse because the trial court rendered the final summary judgments after

the filing of a notice of removal to federal court and before the federal court remanded the case back to the trial court. Thus, the trial court lacked jurisdiction to enter the final summary judgments. See Cole v. Wells Fargo Bank Nat'l Ass'n, 201 So. 3d 749, 750 (Fla. 5th DCA 2016); Musa v. Wells Fargo Del. Tr. Co., 181 So. 3d 1275, 1284 (Fla. 1st DCA 2015) ("We hold the final judgment entered by the court below after removal of the case to federal court (and prior to remand) is void because the circuit court no longer had jurisdiction."); Preston v. Allstate Ins. Co., 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993) (concluding that the filing of a notice of removal divests the state court of jurisdiction until the federal court enters an order of remand); see also Maseda v. Honda Motor Co., 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio.*" (footnote omitted) (citations omitted)). We reiterate, however, that upon remand, the trial court has the discretion to assess sanctions against Ralicki and Mawhinney if it determines that the case was removed to federal court as a delay tactic. See Musa, 181 So. 3d at 1284 (Bilbrey, J., concurring) ("[U]pon remand, the state court can assess sanctions for fraud on the court. While a variety of sanctions are available to the state court upon remand following an improper removal, '[t]he striking of a party's pleadings "has long been an available and often favored remedy for a party's misconduct in the litigation process."'" (citing Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012))).

REVERSED and REMANDED.

SAWAYA, TORPY and BERGER, JJ., concur.