PER CURIAM.
Randall A. Ralicki and William C. Mawhinney appeal an emergency motion for injunctive relief granted ex parte in favor of 998 SW 144 Court Rd, LLC ("998"). They argue that the trial court erred in issuing the injunction because 998's motion failed to state facts sufficient to support granting the injunction, a non-lawyer filed the motion, and the court issued the injunction without a bond. We affirm the issuance of the injunction but remand for the trial court to hold an evidentiary hearing regarding the appropriate amount of bond 998 must post.
In February 2011, 998 filed a complaint to foreclose on property Ralicki and Mawhinney owned. As with far too many of these cases, its path through the court system has been long and tortured. In May 2015, the trial court entered final summary judgment in favor of 998 to allow it to foreclose on the property. However, Ralicki and Mawhinney filed a notice of removal to federal court before the trial court rendered the final summary judgment. Following the entry of final summary judgment, 998 moved for a writ of possession. Ralicki and Mawhinney responded by inundating the trial court with numerous pleadings. 998 moved for a second writ of possession, which the trial court issued in September, and 998 executed in October. Ralicki and Mawhinney continued to flood the trial court with pleadings and notices of appeal. The federal court eventually remanded the case to the trial court.
In April 2017, this Court was compelled to reverse and remand the 2015 final summary judgment because the trial court *1157 lacked jurisdiction when it rendered the judgment after Ralicki and Mawhinney filed their notice of removal to federal court and before the federal court remanded. Mawhinney v. 998 SW 144th Court Rd, LLC, 212 So.3d 468, 468 (Fla. 5th DCA 2017). In remanding the case, we noted that "the trial court has the discretion to assess sanctions against Ralicki and Mawhinney if it determines that the case was removed to federal court as a delay tactic." Id. at 469. In June 2017, the trial court did so by issuing an order striking Ralicki and Mawhinney's pleadings filed after April 5, 2017, finding their conduct to be "improper," "purely a dilatory tactic," and to "evidence[ ] fraud and purposeful delay." 998 thereafter continued its attempt to foreclose on the property.
In September 2017, 998 filed an emergency motion for injunctive relief ex parte on the basis that Ralicki and Mawhinney had stolen keys and access codes to the property, continued to enter the property, removed fixtures, appliances, the air conditioning unit, and the main electrical box, as well as caused extensive damage to the property. The trial court granted the injunction, and Ralicki and Mawhinney appealed.
The first two issues Ralicki and Mawhinney raise on appeal are meritless. However, they correctly present that the trial court failed to set a hearing to determine an appropriate bond 998 must post upon issuance of the injunction. Generally, temporary injunctions require the posting of a bond, see Fla. R. Civ. P. 1.610(b), and bond must be set after both parties have had an opportunity to present evidence regarding the appropriate amount. See Dickerson v. Senior Home Care, Inc., 181 So.3d 1228, 1229 (Fla. 5th DCA 2015). Contrary to Ralicki and Mawhinney's position, though, the failure to set a bond does not invalidate the injunction. See Offshore Marine Towing, Inc. v. Sea Tow Servs. Int'l, Inc., 778 So.2d 510 (Fla. 4th DCA 2001) (affirming the issuance of the temporary injunction order but remanding "for the trial court to hold an evidentiary hearing on the amount of the bond"). Accordingly, we affirm the injunction in favor of 998 but remand for an evidentiary hearing regarding the appropriate amount of bond it must post.[1]
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
COHEN, C.J., ORFINGER and WALLIS, JJ., concur.

Under the circumstances of this case, it would be appropriate for the trial court to require 998 to post a minimal amount of bond.