DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YACHT ASSIST, INC.,**
Appellant,

v.

**CRP LMC PROP CO., LLC** d/b/a **LAUDERDALE MARINE CENTER,**
Appellee.

No. 4D22-523

[December 14, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-19-007671(14).

Chris B. Fisher of the Law Offices of Chris B. Fisher, P.A., Fort Lauderdale, for appellant.

Ronald M. Gaché and Scott A. Simon of LOGS Legal Group LLP, Boca Raton, for appellee.

CONNER, J.

Appellant, Yacht Assist, LLC ("Plaintiff"), appeals the final order dismissing with prejudice its complaint against Appellee, CRP LMC PROP Co., LLC d/b/a Lauderdale Marine Center ("Defendant"), for failure to comply with the trial court's uniform trial order ("UTO"). Notably, Defendant partially concedes error as to dismissal with prejudice. Although we agree there are several issues with the trial court's application of *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), as grounds for dismissal, we do not reach the merits of the trial court's procedure under *Kozel*. This is because we agree with Plaintiff's argument that the trial court erred in conducting the case management conference and dismissing Plaintiff's case immediately after permitting Plaintiff's counsel to withdraw, without affording Plaintiff a continuance to obtain new counsel.

The trial court scheduled a case management conference during the trial period set for the case. Late in the evening before the case management conference, Plaintiff's counsel filed a motion for leave to withdraw as counsel, alleging that late in the afternoon of the same day,

Plaintiff discharged counsel. The motion asserted that Rule Regulating the Florida Bar 4-1.16(a)(3) required counsel to withdraw. At the beginning of the case management conference the next morning, Plaintiff's counsel immediately sought to be heard on the motion to withdraw but made no request for a continuance of the proceedings to allow Plaintiff to obtain counsel.[1] The trial court granted the motion with little discussion. The trial court then proceeded with the case management conference, whereupon Defendant's counsel began enumerating the multiple ways in which Plaintiff had not complied with the UTO and various orders of the court. The trial court then made findings pursuant to *Kozel* leading to dismissal of the complaint with prejudice.

We agree with Plaintiff that it was error for the trial court to proceed with a case management conference leading to dismissal immediately after permitting Plaintiff's counsel to withdraw and without affording Plaintiff, a corporation, a continuance to obtain new counsel. *See Hub Fin. Corp. v. Olmetti*, 465 So. 2d 618, 619 (Fla. 4th DCA 1985) ("Permitting trial counsel to withdraw on the day of trial without granting a continuance to permit appellant to obtain new counsel was an abuse of discretion. This was especially egregious in the case of a corporation which cannot represent itself, but would be error in any event."); *see also Abuznaid v. Sirhal*, 638 So. 2d 188, 190 (Fla. 4th DCA 1994).

However, we want to make clear that our decision in this case is driven by the fact that Plaintiff is a corporate entity and not a natural person. A natural person is allowed to represent himself of herself without an attorney in court proceedings. A corporation is not allowed to represent itself.

Because Plaintiff's counsel was discharged by Plaintiff, counsel was required to move to withdraw. *See* R. Regulating Fla. Bar 4-1.16(a)(3).[2]

---

[1] Plaintiff contends on appeal that its principal agent discharged trial counsel after conferring with another attorney and realizing that trial counsel had not complied with multiple court orders. Plaintiff further contends that when it discharged counsel, its principal agent instructed trial counsel to seek a continuance so Plaintiff could obtain new counsel. We take no position on the accuracy of Plaintiff's assertions in its briefs.

[2] Rule 4-1.16(a)(3) states:

> (a) **When Lawyer Must Decline or Terminate Representation.** Except as stated in subdivision (c) [requiring court approval to withdraw], a lawyer shall not represent a client or, where

However, Rule 4-1.16(c) recognizes that "[a] lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation" and that, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." R. Regulating Fla. Bar 4-1.16(c). Moreover, Florida Rule of General Practice and Judicial Administration 2.505(f) provides:

> **(f) Termination of Appearance of Attorney.** An appearance of an attorney for a party in an action or proceeding shall terminate only upon:
>
> (1) *Withdrawal of Attorney.* A written order of the court after hearing upon a motion setting forth reasons for withdrawal and the client's last known address, telephone number, and e-mail address.

Fla. R. Gen. Prac. & Jud. Admin. 2.505(f).

As stated by our supreme court fifty years ago:

> [E]very trial judge is responsible for and has the power to enforce the orderly conduct of proceedings .... [The judge] has the inherent power to require that attorneys who appear in cases ... conduct themselves in such manner, and follow such procedures, as will not interfere with or unduly delay the effective disposition of such cases. This includes, necessarily, the power to require [the judge's] consent to withdraw. This power, however, derives from the responsibility to effectively conduct the business of the Court.

*Fisher v. State*, 248 So. 2d 479, 484 (Fla. 1971). Thus, Rule 2.505(f) requires court approval for an attorney to withdraw from litigation representation, and the trial court has discretion to deny a motion to withdraw.

In part, judicial discretion to rule on a motion to withdraw is necessary to avoid the disruption of resolving cases caused by a litigant firing an

---

representation has commenced, shall withdraw from the representation of a client if:

. . . .

(3) the lawyer is discharged[.]

3

attorney to postpone trial. And if Plaintiff in this case were a person, affirmance of the dismissal of this case may have been appropriate.

However, when the litigant is a *corporation*, an artificial entity, it is incapable of representing itself in court. As noted by the Second District:

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person.

*Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee Cnty.*,184 So. 2d 438, 440 (Fla. 2d DCA 1966) (quoting *Paradise v. Nowlin*, 195 P.2d 867, 867 (Cal. Dist. Ct. App. 1948)). Thus, "[i]t is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." *Pomales v. Aklipse Asset Mgmt., Inc.*, 336 So. 3d 785, 786 (Fla. 3d DCA 2022) (quoting *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 248 (Fla. 3d DCA 1985)); *see also Parrott Cove Marina, LLC v. Duncan Seawall Dock & Boatlift, Inc.*, 978 So. 2d 811, 813 (Fla. 2d DCA 2008); *Daytona Migi Corp. v. Daytona Auto. Fiberglass Inc.*, 417 So. 2d 272, 274 (Fla. 5th DCA 1982). Because a corporation cannot engage in the unauthorized practice of law and cannot represent itself in litigation, a reasonable opportunity must be given to a corporate litigant to obtain new counsel when a motion to withdraw is granted, even when the withdrawal occurs on the eve of trial.

The problem in this case is that the trial court did not afford Plaintiff *any opportunity* to obtain new counsel before proceeding with the case. If the trial court had afforded a reasonable opportunity to obtain counsel and Plaintiff made no effort to do so, dismissal would have been appropriate. *See Parrott Cove*, 978 So. 2d at 813–14 (affirming foreclosure judgment after corporate counsel was granted leave to withdraw, defendant corporation did nothing to obtain new counsel, and it did not attend trial after trial court afforded a reasonable opportunity to obtain counsel).

We also note that if the trial court is forced to grant a continuance in a case due to the withdrawal of counsel for a corporate litigant, and later determines the discharge of counsel was a strategic delay tactic, sanctions can be imposed on the corporate litigant. *Cf. Mawhinney v. 998 SW 144th Ct. Rd, LLC*, 212 So. 3d 468, 469 (Fla. 5th DCA 2017) ("We reiterate, however, that upon remand, the trial court has the discretion to assess sanctions against Ralicki and Mawhinney if it determines that the case

4

was removed to federal court as a delay tactic."); *see, e.g., Wenwei Sun v. Aviles*, 53 So. 3d 1075, 1076 (Fla. 5th DCA 2010) ("Trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court."); *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010) ("Here, it is clear that appellants caused some delay in the proceedings, and the court acted in its discretion in imposing a sanction for fees caused by the delay.").

For the reasons discussed above, we reverse the order dismissing with prejudice the proceedings below and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5