719 So.2d 934 (1998)
Wayne WATKINS, Appellant,
v.
COLONIAL LIFE & ACCIDENT INSURANCE CO., etc., Appellee.
No. 98-263.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
Rehearing Denied October 19, 1998.
Scott K. Lippman and Mary Beth Fitzgibbons of Litchford & Christopher, Orlando, for Appellant.
H. Terrell Griffin and Nathan P. Carter of Griffin & Linder, P.A. Orlando, for Appellee.
*935 ANTOON, Judge.
Wayne Watkins appeals the trial court's orders which (1) enjoin him from breaching the noncompete clause of his employment contract with appellee, Colonial Life & Accident Insurance Company (Colonial Life), and (2) authorize Colonial Life to proceed to arbitration on its claim of breach of contract.[1] We must reverse both orders.
Colonial Life filed a complaint against Mr. Watkins alleging that he had breached the parties' employment contract by violating the terms of the contract's noncompete clause. The complaint sought recovery of damages as well as injunctive relief. Colonial Life also filed a motion for an ex parte temporary injunction, requesting the trial court to enjoin Mr. Watkins from further violating the terms of the noncompete clause. After an ex parte temporary injunction was entered, Mr. Watkins filed a motion to dissolve the injunction. Upon review, the trial court granted the motion to dissolve. Colonial Life thereafter immediately scheduled a hearing to consider the entry of a temporary injunction. At the hearing, the trial court inexplicably deemed the hearing to constitute a hearing regarding the entry of a permanent injunction. Upon consideration of the evidence presented, the trial court entered a permanent injunction ordering Mr. Watkins to comply with the terms of the parties' noncompete agreement.
After the permanent injunction was entered, Colonial Life filed a demand for arbitration on the remaining issue of damages. Mr. Watkins objected, arguing that Colonial Life had waived its right to seek arbitration by filing its lawsuit for damages in the circuit court. The trial court overruled Mr. Watkins' objection and entered an order stating that Colonial Life is "entitled to arbitration and to pursue damages." This appeal followed.
Mr. Watkins first argues that the permanent injunction must be reversed because it was error for the trial court to enter the permanent injunction without first requiring Colonial Life to comply with the provisions of rule 1.440 of the Florida Rules of Civil Procedure. We agree. Here, the hearing on the issuance of the permanent injunction was conducted by the trial court before Mr. Watkins even filed an answer to Colonial Life's complaint. More importantly, the continuing dialogue between the parties as well as with the trial court prior to the hearing indicated their mutual agreement that the hearing was set to consider the limited issue of whether the issuance of a temporary injunction would be proper. As a result, the unexpected consideration of the propriety of issuing a permanent injunction was improper. See Mackes v. St. Lucie Paper & Packaging, Inc., 625 So.2d 130 (Fla. 4th DCA 1993); see also Orange Lake Country Club, Inc. v. Levin, 645 So.2d 60 (Fla. 5th DCA 1994).
Furthermore, the injunction order cannot be sustained as constituting a valid temporary injunction because the order fails to set forth the specific findings required for issuance of a temporary injunction and also fails to set bond as required by rule 1.610(b) of the Florida Rules of Civil Procedure. See Mitts, Boyle & Associates, Inc. v. Boyle Accounting Services, Inc., 703 So.2d 1218 (Fla. 5th DCA 1998); see also Harrison v. Palm Harbor MRI, Inc., 703 So.2d 1117 (Fla. 2d DCA 1997).
We must also reverse the trial court's ruling that Colonial Life is entitled to proceed to arbitration on the remaining issue of damages because Colonial Life waived its right to seek arbitration by filing an action for damages in the circuit court. See Paine, Webber, Jackson & Curtis, Inc. v. Fredray, Inc., 521 So.2d 271 (Fla. 5th DCA 1988).
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rules 9.130(a)(3)(B), (a)(3)(C)(v) of the Florida Rules of Appellate Procedure.