747 So.2d 406 (1999)
FLORIDA WATER SERVICES CORPORATION, Appellant,
v.
BLUE STONE REAL ESTATE CONSTRUCTION, etc., et al., Appellees.
No. 98-3025.
District Court of Appeal of Florida, Fifth District.
November 5, 1999.
Rehearing Denied December 29, 1999.
*407 Joseph M. Mason, Jr., of Joseph M. Mason, Jr., P.A., Brooksville, for Appellant.
Thomas S. Hogan, Jr., of The Hogan Law Firm, Brooksville, for Appellees.
ANTOON, C.J.
Florida Water Services Corporation (FWS) appeals a temporary injunction entered by the trial court[1] prohibiting FWS from terminating water service to residential and commercial properties owned by Blue Stone Real Estate Construction and Development Corporation, and Avalon, Inc. (Owners). We reverse the temporary injunction because the trial court failed to set forth findings of fact regarding irreparable harm or otherwise set forth reasons for issuing the injunction.
The dispute between the parties began when FWS informed the Owners that they were required to install backflow prevention devices on public water connections located on their properties, and that if they failed to install the devices then their water service would be discontinued. FWS maintained that such installation was necessary "[i]n order to eliminate potential cross-connection between the public water supply and any other foreign source of water." The Owners filed a "Verified Emergency Petition for Restraining Order Without Notice" seeking to enjoin FWS from discontinuing water service at two of the Owners' apartment buildings.[2] The trial court immediately entered an emergency order which temporarily enjoined FWS from discontinuing water service and set the cause for an evidentiary hearing before another circuit court judge. This order did not set forth any findings of facts.
FWS filed a motion to dissolve the temporary injunction arguing that the injunction order was void because it was entered without notice to FWS and failed to comply with the requirements of rule 1.610(a)(2) & (c) of the Florida Rules of Civil Procedure regarding written findings of fact. At the hearing on the motion to dissolve, the trial court stated that the temporary injunction would continue and directed the Owners to post a bond. However, before the trial court entered a written order denying FWS' motion to dissolve, FWS filed a motion for rehearing and a renewed motion to dissolve the temporary injunction. FWS sent a notice of hearing on these motions for the same day that the trial court had set a hearing on the injunction order. Thereafter, without providing notice to FWS, the trial court entered an order continuing the hearing on these motions and then, without further hearing, entered an order entitled "Order on Defendant's Motion to Dissolve Emergency *408 Temporary Injunction Order and Plaintiff's Motion for Temporary Injunction with Notice." The order provided:
Defendant's Motion to Dissolve Injunction is denied without prejudice and Plaintiffs Motion for Temporary Injunction. [sic] With Notice is granted as amended as set forth herein.... FLORIDA WATER SERVICES CORPORATION, [is] temporarily enjoined and restrained from discontinuing water service to Bluestone Apartments and to Millwood Apartments until further order by this court.
The order further required the Owners to post a $10,000 bond. The trial court also entered a separate order denying FWS' renewed motion to dissolve the temporary injunction and motion for rehearing, stating that the motions "present nothing new that the Court has overlooked or failed to consider, that there is no showing of changed circumstances, and that both motions are simply an attempt by [FWS] to reargue its position as previously presented."
FWS filed yet another motion to dissolve the temporary injunction and a motion to increase the amount of bond to be posted by the Owners. After conducting a hearing on these motions, the trial court entered an order denying FWS' second motion to dissolve the temporary injunction and ordering that the injunction would continue with the additional condition that the Owners were prohibited from completing any plumbing work on their property without notifying the court and FWS. The trial court also denied FWS' motion to increase the bond and set the cause for final hearing in December 1998. FWS appeals the order granting Blue Stone's Motion for Temporary Injunction with Notice.[3]
FWS argues that the trial court's order denying its motion to dissolve the temporary injunction must be reversed because the order fails to set forth specific findings of fact as required by rule 1.610 of the Florida Rules of Civil Procedure. We agree.
Florida Rule of Civil Procedure 1.610 provides:
Rule 1.610. Injunctions.
(a) Temporary Injunction.
* * *
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
* * *
(c) Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
Fla. R. Civ. P. 1.610(a)(2)(c) (emphasis added).
Here, the trial court failed to include any findings of fact or set forth any reasons *409 for entering the temporary injunction. Strict compliance with the provisions of rule 1.610 is required because entry of a temporary injunction is an extraordinary remedy. A temporary injunction order cannot be sustained if the order fails to set forth sufficient factual findings to support the trial court's rulings. See Watkins v. Colonial Life & Accident Ins. Co., 719 So.2d 934 (Fla. 5th DCA 1998); see also Duryea v. Slater, 677 So.2d 79 (Fla. 2d DCA 1996). Accordingly, we must reverse the temporary injunction and remand this matter for further proceedings.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.
[2] The petition alleged that FWS had already discontinued water service to the building owned by Avalon.
[3] FWS also filed a notice of appeal regarding an order entered by the trial court granting a continuance of a hearing. However, this is not an appealable order and therefore this court lacks jurisdiction to review that ruling. See Fla. R.App. P. 9.130.