826 So.2d 467 (2002)
Thomas H. YARDLEY and Paula P. Yardley, Appellants,
v.
Ina Marie ALBU, Kenneth Albu and Mr. Holt, Appellees.
No. 5D01-2649.
District Court of Appeal of Florida, Fifth District.
September 20, 2002.
*469 Elizabeth Siano Harris of Stadler & Harris, P.A., Titusville, for Appellants.
David G. Larkin of Fallace & Larkin, LLC, Melbourne, for Appellees.
SAWAYA, J.
Thomas and Paula Yardley appeal from the trial court's non-final order granting a temporary injunction in favor of Ina Albu, Kenneth Albu and Mr. Holt.[1] The Yardleys contend that the order fails to comply with the requirements of rule 1.610, Florida Rules of Civil Procedure, and fails to preserve the status quo. We agree and reverse.
It is not necessary to delve into the underlying facts of the instant case to resolve the issue before us. Suffice it to say that the Yardleys and the Albus are neighbors and Mr. Holt is an employee of the hotel owned by the Albus. The hotel borders the western portion of the property owned by the Yardleys. The instant appeal derives from a long-standing dispute between the two parties over a five-foot walkway easement located on the northern boundary of the Yardleys' property, which walkway allows the Albus and their guests access to the Indian River.
The Yardleys sought and obtained an ex parte order granting a temporary injunction against the Albus, restraining them from entering the portion of the Yardleys' property containing the easement. That injunction was ultimately dissolved and the Albus subsequently filed a motion for temporary injunction seeking to enjoin the Yardleys from interfering with their use and enjoyment of the easement. A hearing was held on the Albus' motion, and, based on the testimony presented by the parties, the trial court entered the order we now review which enjoined the Yardleys from erecting any barricade or barrier to block or attempt to block use of the walkway easement, placing any material or substances in the easement, or using any force to prevent the Albus or their guests from using the easement. The order also allowed the Albus to, among other things, clear undergrowth from the easement, remove certain trees, and remove any fence, gate or barrier that blocked their use of the easement.
The issue we must resolve is whether the order granting the preliminary injunction is fatally defective because it fails to either contain sufficient findings of fact or preserve the status quo. We will first discuss the applicable standard and scope of review and then address the order's alleged deficiencies.
When an appellate court reviews an order granting a preliminary injunction, it must determine whether the trial court abused its discretion. See East v. Aqua Gaming, Inc., 805 So.2d 932 (Fla. 2d DCA 2001); Rollins, Inc. v. Parker, 755 So.2d 839 (Fla. 5th DCA 2000). However, when the party against whom a preliminary injunction is entered does not file a motion to dissolve the injunction pursuant to rule 1.610(d) prior to the direct appeal, the appellate court may not inquire into the factual matters presented; instead, the court's inquiry is limited to the legal sufficiency of the trial court's order, the complaint, and any supporting documents. High Sch. Activities Ass'n, Inc. v. Marsonek, 805 So.2d 868 (Fla. 2d DCA 2001); United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773 (Fla. 1st DCA 1996); County of Orange v. Webster, *470 503 So.2d 988 (Fla. 5th DCA 1987). Having discussed the applicable standard of review, we may now address the issue before us.
The issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly. City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660 (Fla. 5th DCA 2001); Florida High Sch. Activities Ass'n v. Kartenovich, 749 So.2d 1290 (Fla. 3d DCA 2000). A temporary injunction may be entered if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest.[2] If these criteria are established, the trial court, in entering the injunction, must comply with rule 1.610(c), Florida Rules of Civil Procedure, by specifying "the reasons for entry [and] ... describe in reasonable detail the act or acts restrained without reference to a pleading or another document...." Fla. R. Civ. P. 1.610(c).
Because the entering of a temporary injunction is an extraordinary remedy, strict compliance with the provisions of rule 1.610 is required. See Florida Water Servs. Corp. v. Blue Stone Real Estate Constr., 747 So.2d 406 (Fla. 5th DCA 1999). The appellate courts have held that compliance with the rule requires the trial court to set forth sufficient factual findings to support each of the criterion that must be established to entitle the party to a preliminary injunction. Id.[3] This requirement allows for meaningful appellate review of temporary injunctions. Thus, reciting legal aphorisms or parroting the essential criteria of a temporary injunction and proclaiming that they have been established, as the trial court did in the instant case, will not suffice. Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568 (Fla. 2d DCA 1996); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750 (Fla. 1st DCA 1994). Accordingly, we conclude that the order granting the temporary injunction must be reversed and this case remanded to the trial court with instructions to delineate factual findings to support each of the four criteria that must be established in order to issue the temporary injunction. See Mitts, Boyle & Assocs., Inc. v. Boyle Accounting Servs., Inc., 703 So.2d 1218 (Fla. 5th DCA 1998); Snibbe; Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976 (Fla. 2d DCA 1994).
We also conclude that reversal is required because the trial court's order does not maintain the last non-contested condition of the property. The primary purpose of entering a temporary injunction is to preserve the status quo pending the final outcome of a cause. Florida Land Co. v. Orange County, 418 So.2d 370, 372 *471 (Fla. 5th DCA 1982) (citing Adoption Hot Line, Inc. v. State, Dep't of Health & Rehabilitative Servs. ex rel. Rothman, 385 So.2d 682 (Fla. 3d DCA 1980)); see also City of Ormond Beach; Brock v. Brock, 667 So.2d 310 (Fla. 1st DCA 1995). "The status quo which will be preserved by a preliminary injunction is the last, actual, peaceable, uncontested condition which preceded the pending controversy." Chicago Title Ins. Agency of Lee County, Inc. v. Chicago Title Ins. Co., 560 So.2d 296, 297 (Fla. 2d DCA 1990) (citing Lieberman v. Marshall, 236 So.2d 120, 125 (Fla.1970)). The trial court's order fails this test as it allows the Albus to cut and remove undergrowth and certain trees, as well as any fence, gate or barrier that blocks their use of the easement.
Accordingly, we reverse the order granting the temporary injunction and remand for entry of an order that 1) deletes the provisions that allow the Albus to go beyond maintenance of the status quo; and 2) includes sufficient findings of fact. If the trial court is unable to comply with the latter requirement, it must enter an order denying the motion for temporary injunction.
REVERSED and REMANDED.
PLEUS, J., concurs.
THOMPSON, C.J., concurs in result only.
NOTES
[1] We have jurisdiction pursuant to rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.
[2] Rollins, Inc. v. Parker, 755 So.2d 839, 841 (Fla. 5th DCA 2000) (citing City of Oviedo v. Alafaya Utils., Inc., 704 So.2d 206 (Fla. 5th DCA 1998); Miami-Dade County v. Church & Tower, Inc., 715 So.2d 1084 (Fla. 3d DCA 1998); St. Lucie County v. Town of St. Lucie Vill., 603 So.2d 1289 (Fla. 4th DCA), review denied, 613 So.2d 12 (Fla.1992)).
[3] See also Watkins v. Colonial Life & Accident Ins. Co., 719 So.2d 934 (Fla. 5th DCA 1998); Mitts, Boyle & Assocs., Inc. v. Boyle Accounting Servs., Inc., 703 So.2d 1218, 1218 n. 1 (Fla. 5th DCA 1998) (citing Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568 (Fla. 2d DCA 1996); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994) ("Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction."), approved, 659 So.2d 1046 (Fla.1995); Hutchinson v. Kimzay of Fla., Inc., 637 So.2d 942 (Fla. 5th DCA 1994)).