EVANDER, J.
Appellants, Ashley Dickerson and Kelly O’Brien, appeal the trial court’s order on Senior Home Care, Inc.’s motion for temporary injunction wherein the Appellants were temporarily enjoined from violating their non-compete, non-disclosure,' and non-solicitation agreements. They argue that the trial court’s order is facially deficient. We agree and, accordingly, reverse.
A temporary injunction may be entered where the party seeking the injunction establishes: (1) the likelihood of irreparable, harm; (2) the lack of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest. Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002). If these criteria are met, the trial court’s order must comply with Florida Rule of Civil Procedure 1.610(c), by specifying “the reasons for entry [and] ... describe in reasonable detail the act or acts restrained without reference to a pleading or another document.” Id.
In the instant case, the trial court’s order does not comply with rule 1.610(c) because it simply enjoins Appellants “from violating their Non-Compete, Non-Disclosure, Non-Solicitation Agreements.” Furthermore, the trial court’s order does not sufficiently specify the reasons for the entry of the temporary injunction. A trial court must delineate factual findings to support each of the four criteria that must be established in order to issue the temporary injunction. Id. Lastly, the trial court erred in setting a bond amount without affording the parties an opportunity to present evidence on the issue. See, e.g., Offshore Marine Towing, Inc. v. Sea Tow Servs. Int’l, Inc., 778 So.2d 510, 511 (Fla. 4th DCA 2001) (holding that where at conclusion of hearing on appellee’s motion for temporary injunction, trial court took matter under advisement and subsequently entered temporary injunction, it was error for trial court to set bond amount without first allowing for the presentation of evidence on this issue; evidentiary hearing required on remand).
REVERSED and REMANDED for further proceedings consistent with this opinion.
PALMER and WALLIS, JJ., concur. *