IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SPC FORTEBELLO, LLC, SPC HOMES,
INC., FORTEBELLO, LLC, FORTEBELLO
HOMEOWNERS ASSOCIATION, INC.,
AND LAZARO RODRIGUEZ,

      Appellants,

v.

DENISE CATUOGNO, RAYMOND
CATUOGNO, EDWINE E. RANDALL, IRENE
BORBOROGLU, DALE STAFFORD, FENNY
E. CSASZAR, ROSS CSASZAR, DUANE L.
DAVIS, COLLENE B. DAVIS, KARLA J.
COOPER, JERRY J. COOPER, ET AL.,

      Appellees.

_____/

Case No.  5D21-2513
LT Case No. 2018-CA-37879

Opinion filed August 5, 2022

Nonfinal Appeal from the Circuit
Court for Brevard County,
Curt Jacobus, Judge.

Jennifer A. Englert, of The Orlando
Law Group, PL, Orlando, for
Appellants.

Sonia Bosinger, of Arias Bosinger,
PLLC, Melbourne, and George
Gingo and James E. Orth, Jr., of
Gingo & Orth, PLLC, Titusville, for
Appellees.

PER CURIAM.

Fortebello Homeowners Association, Inc. ("Fortebello"), a developer-controlled homeowner's association, appeals a nonfinal order granting a motion for temporary injunction filed by certain present and former homeowners of the development.[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Because we were not provided with a transcript of the evidentiary hearing held below, we presume that the trial court's factual findings are correct. *Akre-Deschamps v. Smith*, 267 So. 3d 492, 494 (Fla. 2d DCA 2019). Accordingly, our review is limited to errors of law that are apparent from the face of the trial court's order and the other documents properly included in the appendices before us. *Id.*

It is unnecessary for us to detail the many disputes between the parties or for us to discuss all of the matters that were the subject of the trial court's order. It is sufficient for us to simply address the deficiencies in the order.

Florida Rule of Civil Procedure 1.610(c) requires every injunction to "specify the reasons for entry." To satisfy this requirement, a trial court must find that the parties seeking a temporary injunction have established four elements: (1) a likelihood of irreparable harm; (2) the unavailability of an

_____

[1] The other appellants mentioned in the case style also oppose the granting of the injunction although it was addressed only to Fortebello.

adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction. *Howell v. Orange Lake Country Club, Inc.*, 303 So. 3d 1009, 1011 (Fla. 5th DCA 2020); *Yardley v. Albu*, 826 So. 2d 467, 470 (Fla. 5th DCA 2002).

Here, the trial court made numerous factual findings but failed to relate those factual findings to the four elements required for a temporary injunction. Because entering an injunction is an extraordinary remedy, trial courts must strictly comply with rule 1.610 to allow for meaningful appellate review. *Yardley*, 826 So. 2d at 470. The trial court's conclusory statement that the required elements have been established is insufficient. *See id.* Where a temporary injunction does not include specific findings on each of the required elements necessary for issuance of an injunction, reversal is required. *Phelan v. Trifactor Sols., LLC*, 312 So. 3d 1036, 1039 (Fla. 2d DCA 2021).

Fortebello also challenges the trial court's written recitation that Fortebello "*should* immediately start the process to turn over Fortebello HOA to a member–controlled development." (emphasis added).[2] To the extent

---

[2] The court based this statement on its correct conclusion that the developer-controlled association invalidly amended the governing documents to allow short-term rentals. Fortebello does not challenge the merits of that conclusion on appeal.

that this statement constitutes the imposition of a legal obligation on Fortebello, we agree that the order fails to recite a factual or legal basis sufficient to support such a requirement.

We reverse the order entered below and remand for the trial court to review the record, determine whether the record supports the required elements for injunctive relief and turnover of the association, and if so, enter an order that complies with rule 1.610. Because it is unnecessary for the resolution of this appeal, we decline to address the merits of the other arguments raised by Fortebello.

REVERSED and REMANDED with instructions.

EVANDER, EDWARDS and SASSO, JJ., concur.