IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GLORIA F. BERK-FIALKOFF, AS
PERSONAL REPRESENTATIVE  OF
THE ESTATE OF ALAN FIALKOFF,

       Appellant,

 v.

       Case No.  5D22-628
       LT Case No. 2021-CA-001400

WILMINGTON TRUST, NATIONAL
ASSOCIATION, IN ITS CAPACITY
AS TRUSTEE, AND H-BAY MINISTRIES,
INC., A TEXAS NON-PROFIT CORPORATION,

       Appellees.

_____/

Opinion filed March 24, 2023

Nonfinal Appeal from the Circuit Court
for Lake County,
Larry Metz, Judge.

Rainey C. Booth, Jr., and Joanna Greber
Detloff, of Mendes, Reins & Wilander,
PLLC, Tampa, for Appellant.

Kimberly S. Mello, of Greenberg Traurig,
P.A., Orlando, for Appellee, Wilmington
Trust, N.A., In Its Capacity as Trustee.

Cleveland Burke, of Waller Lansden Dortch
& Davis, LLP, Austin, Texas, for Appellee,
H-Bay Ministries, Inc., a Texas Corporation.

PER CURIAM

Gloria F. Berk-Fialkoff, as personal representative of the estate of Alan Fialkoff (the "Fialkoff Estate"), appeals inter alia the trial court's non-final Order Granting in Part and Denying in Part Receiver's Amended Motion to Enforce Injunction and Stay Proceedings of Personal Injury Claimants (the "Order"). The Order enjoined the Fialkoff Estate along with other claimants from pursuing personal injury claims against H-Bay Ministries, Inc. ("H-Bay") and other affiliated entities and individuals for a period of one year, but allowed the claimants to initiate pre-suit procedures and file claims for purposes of the statute of limitations. The Fialkoff Estate raises several issues on appeal, one of which we find meritorious, specifically that the challenged Order does not comply with Florida Rule of Civil Procedure 1.610(c) because it does not specify the reasons for its entry, it does not contain factual findings, and it does not contain any findings regarding the four criteria necessary for entry of an injunction. We agree that the Order is legally insufficient and reverse.

In 2018, H-Bay financed the acquisition of five senior living facilities (the "Facilities") located on parcels of real property throughout Florida. Three

2

years later, after H-Bay allegedly defaulted on the bond payments, Wilmington Trust, National Association (the "Trustee") initiated the underlying lawsuit, seeking, among other relief, foreclosure on its liens and appointment of a receiver to assume control of the Facilities. The Trustee also filed an emergency action for appointment of receiver to ensure the well-being of the elderly residents of the Facilities, provide upkeep of the properties, including paying employees, collect rents from residents, provide security, preserve the Trustee's security interests, and otherwise maintain the status quo pending resolution of the litigation.

The court subsequently entered an order appointing a Receiver ("Receivership Order") and ordered that the Receiver take exclusive possession and control of the "Receivership Estate."[1] It authorized the Receiver to "undertake all acts necessary in its sole discretion to operate the Facilities' business" and stayed all civil legal proceedings of any nature related to any Receivership property.

Approximately one year before the Receivership Order was entered, Alan Fialkoff was admitted to one of the Facilities, where he remained until his death on September 12, 2020. During his residency at the Facility, Fialkoff

---

[1] The Receivership Estate was defined as "[t]he real and personal property of [H-Bay] comprising and relating to [Facilities]."

3

allegedly suffered from abuse, neglect, and exploitation at the hands of H-Bay along with other entities and individuals. In March 2021, the Fialkoff Estate initiated the pre-suit process against H-Bay asserting violations of Fialkoff's resident's rights and deviations from the standard of care. Over the next twelve months the court held several hearings related to motions to enforce the original Receivership Order.

Ultimately on March 4, 2022, the court entered its Order providing that various personal injury claimants, including the Fialkoff Estate, would be enjoined from continuing to pursue their claims arising from their residence or treatment at the Facilities against the Receiver, the Receivership Estate, H-Bay, and any past or present manager of the Facilities, and any individual that provided services to H-Bay, the Facilities, or the management companies. However, the Order authorized the personal injury claimants to proceed with pre-suit activities, including investigation and informal discovery as provided in section 429.293, Florida Statutes. Following the pre-suit activities, the claimants could file suit in any court of competent jurisdiction or initiate arbitration proceedings, provided that H-Bay would promptly file a motion to stay the proceedings until February 10, 2023. This is the order the Fialkoff Estate challenges in this appeal.

A trial court with jurisdiction over receivership property may enjoin a proceeding against that property "if the injunction is necessary to protect against misappropriation of, or waste relating directly to, the receivership property." § 714.14(2), Fla. Stat. (2021); see also Liberte Cap. Grp., LLC v. Capwill, 462 F.3d 543, 551–52 (6th Cir. 2006); S.E.C. v. Wencke, 622 F.2d 1363, 1369 (9th Cir. 1980) (holding authority of district court to issue order staying non-party from bringing litigation derived from "the inherent power of a court of equity to fashion effective relief"). The order of injunction must specify the reasons for its entry and describe in reasonable detail the acts restrained without reference to a pleading or other document. § 714.14(3), Fla. Stat. (2021). Here, in its Order, which essentially modified the injunction contained in the original Receivership Order, the receivership court simply explained that the relief sought in the Amended Motion to Enforce was in the best interests of the Receivership Estate and enjoined the Fialkoff Estate and other claimants from continuing to pursue claims arising from or related to their residence, treatment, and/or care at the Facilities.

Although receivership courts have broad equitable authority to enter orders to protect a receivership, section 714.14(3) effectively mirrors the language in rule 1.610(c), which governs the form and scope of temporary injunctions. As a result, we find that the rules for injunctions also apply in

5

receivership cases involving blanket stays, including this case. Typically, reversal would be warranted when the party seeking the injunction fails to plead the necessary four elements to obtain the injunction. In accordance with rule 1.610, the party seeking the injunction must establish: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest. See, e.g., Yardley v. Albu, 826 So. 2d 467, 470 (Fla. 5th DCA 2002). When a party against whom an injunction is entered does not file a motion to dissolve the injunction pursuant to rule 1.610(d) prior to the direct appeal, such as in this case, an appellate court does not inquire into the factual matters presented, and instead limits its inquiry to the legal sufficiency of the trial court's order, the complaint, and any supporting documents. Id. at 469.

Here, the original injunction was essentially sought in the motion for appointment of receiver and in the foreclosure complaint, which were filed by the Trustee. The Trustee alleged that a receivership would be in the best interests of the Facilities' residents and that unless emergency measures were implemented, the residents and the Facilities would experience irreparable harm. It did not, however, allege the likelihood of success or inadequate remedy at law, and therefore, it did not comply with rule 1.610 for

6

obtaining a temporary injunction. However, the Fialkoff Estate did not move to dissolve the injunction once it received notice of it nor did the Fialkoff Estate challenge the Receivership Order or the motions that led to entry of the Receivership Order. Instead, the Fialkoff Estate involved itself in several hearings, acknowledged that it was not arguing the Receivership Order was "flawed in any way," and acquiesced to the injunction being amended to provide for a middle ground that, in part, provided the relief it requested. We therefore conclude that the Fialkoff Estate has waived or failed to preserve its argument as to the failure to plead the elements necessary for an injunction. See Pendergraft v. C.H., 225 So. 3d 420 (Fla. 5th DCA 2017) ("When an appeal is taken from the entry of a temporary injunction, Appellants cannot raise arguments that should have been, but were not, raised at the hearing in the trial court.").

However, the injunction contained in the Receivership Order as well as the Order on appeal did not contain findings of fact as to each of the four elements and "[s]trict compliance with [rule 1.610(c)] . . . is required." Eldon v. Perrin, 78 So. 3d 737, 738 (Fla. 4th DCA 2012); see also Am. Learning Sys., Inc. v. Gomes, 199 So. 3d 1076, 1082 (Fla. 4th DCA 2016) (holding that order granting injunction that does not make clear, definite, and unequivocally sufficient factual findings "is facially insufficient"). "Where a temporary

7

injunction does not include specific findings on each of the required elements necessary for issuance of an injunction, reversal is required." SPC Fortebello, LLC v. Catuogno, 343 So. 3d 1276, 1278 (Fla. 5th DCA 2022). Because we find that the requirements for temporary injunctions in accordance with rule 1.610(c) apply to this case, we are compelled to reverse and remand for the court to make the appropriate findings as to the four elements necessary for entry of an injunction. See Walton Cnty. v. Sandestin Invs., LLC, 148 So. 3d 172, 173 (Fla. 1st DCA 2014) (reversing and remanding for trial court to either enter order that satisfies requirements for entry of temporary injunction, or, if appropriate, an order denying injunction); see also Yardley, 826 So. 2d at 471 (reversing and remanding for entry of order that includes sufficient findings of fact). If the trial court is unable to comply with that requirement, it shall enter an order denying the motion for temporary injunction.

REVERSED and REMANDED, with instructions.

WALLIS, EDWARDS and HARRIS, JJ., concur.