# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D21-3011
LT Case No. 2018-GA-057142

_____

GARY HOUSMAN,

    Appellant,

    v.

PEGGY HOUSMAN, Guardian of
the Person and Co-Guardian of
the Property of the Ward,
Hikoro Housman, and MARK
HOUSMAN, Co-Guardian of the
Property of the Ward, Hikoro
Housman,

    Appellees.

_____

On appeal from the Circuit Court for Brevard County.
Morgan Laur Reinman, Judge.

Roberta G. Mandel, of Mandel Law Group, P.A., Miami, for
Appellant.

Elizabeth Siano Harris, of Harris Appellate Law Office, Mims, for
Appellees.

September 15, 2023


BOATWRIGHT, J.

Appellant, Gary Housman, appeals the guardianship court's order freezing his assets (the "freeze order"), arguing, inter alia, that the Appellees' motion and court's order failed to comply with the legal requirements for the issuance of an ex parte order freezing assets. We agree that the freeze order was legally insufficient and therefore reverse.

I.

To briefly recap the procedural history of this case, Appellees, who are the brother and sister of Appellant, initiated guardianship proceedings on behalf of their mother ("the Ward") by petitioning to be appointed as co-guardians of the Ward. Appellant filed a counter-petition for appointment as guardian of the Ward, and the guardianship court held a five-day trial. After the trial, the guardianship court entered a final judgment which appointed Appellees as co-guardians of the Ward. The final judgment also required Appellant, who had been overseeing the Ward's finances prior to the trial, to facilitate the transfer of the Ward's assets to Appellees, as the co-guardians of the Ward, and to retitle any jointly titled assets of the Ward either solely in the name of the Ward or in the name of the guardianship. In particular, the guardianship court specified that a Chase account and a SunTrust account, which contained the Ward's funds, were to be titled in Appellees' names as co-guardians of the Ward.

Instead of complying with the final judgment, Appellant removed a total of $173,709.97 from the Chase and SunTrust accounts and placed the funds in his own account. Therefore, the guardianship court subsequently entered an order for enforcement of the final judgment, which required Appellant to return the funds to Appellees' attorneys to be placed in their firm's trust account.[1] Appellant failed to comply with the order for enforcement, and Appellees filed a verified ex parte motion to

_____

[1] Appellant has appealed the final judgment and the order for enforcement of the final judgment in separate appeals, and we have affirmed those appeals in a consolidated opinion. *Housman v. Housman*, Nos. 5D21-2012, 5D21-2937, 2023 WL 5229530 (Fla. 5th DCA Aug. 15, 2023).

freeze Appellant's assets, fearing Appellant might waste or fraudulently transfer the Ward's assets. The guardianship court granted Appellees' motion and entered an order freezing Appellant's assets. Appellant directly appealed the freeze order without first filing a motion to dissolve the order per Florida Rule of Civil Procedure 1.610(d).

## II.

"[A]n order temporarily freezing assets is effectively an order granting a temporary injunction." *Leposky v. Ego*, 348 So. 3d 1160, 1162 (Fla. 4th DCA 2022) (holding that an order temporarily freezing assets in a guardianship proceeding is effectively an order granting a temporary injunction); *see also Pendergraft v. C.H.*, 225 So. 3d 420, 421 (Fla. 5th DCA 2017) ("An order freezing assets for further determination of the ownership right to those assets is in the nature of an injunction."); *Lerma-Fusco v. Smith*, 220 So. 3d 562, 565 (Fla. 5th DCA 2017) (noting that an order freezing assets is a temporary injunction). As a result, the laws and rules governing temporary injunctions apply when a court enters a temporary order freezing assets. *Leposky*, 348 So. 3d at 1162; *see also Merrett v. Nagel*, 564 So. 2d 229, 230–32 (Fla. 5th DCA 1990) (applying rule 1.610, which governs temporary injunctions, to a guardianship case).

"The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." *Gainesville Woman Care, LLC v. State*, 210 So. 3d 1243, 1258 (Fla. 2017) (citation omitted). "However, when the party against whom a preliminary injunction is entered does not file a motion to dissolve the injunction pursuant to rule 1.610(d) prior to the direct appeal, the appellate court may not inquire into the factual matters presented . . . ." *Yardley v. Albu*, 826 So. 2d 467, 469 (Fla. 5th DCA 2002). "[I]nstead, the court's inquiry is limited to the legal sufficiency of the trial court's order, the complaint, and any supporting documents." *Id.*

In order to receive a temporary injunction, the moving party must establish: "(1) the likelihood of irreparable harm; (2) the lack

of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest." *Dickerson v. Senior Home Care, Inc.*, 181 So. 3d 1228, 1229 (Fla. 5th DCA 2015) (citing *Yardley*, 826 So. 2d at 470). If a motion for temporary injunction meets the four criteria, the court must make findings in the order granting the injunction as to each of the criteria. *Id.* (citing rule 1.610(c)). The court's order "must contain [c]lear, definite, and unequivocally sufficient factual findings to support each of the four elements." *Leposky*, 348 So. 3d at 1162 (quoting *Bautista REO U.S., LLC v. ARR Invs., Inc.*, 229 So. 3d 362, 365 (Fla. 4th DCA 2017)). However, if the movant fails to establish any element, the trial court must deny the temporary injunction. *See Fla. Ass'n of Realtors v. Orange Cnty.*, 350 So. 3d 115, 123 (Fla. 5th DCA 2022).

"While a trial court is afforded discretion in setting the amount of bond for a temporary injunction, the court cannot waive the bond requirement of rule 1.610(b), nor can it comply by setting a nominal amount." *See St. Marks Pond Indus., LLC v. Boles*, 361 So. 3d 940, 941 (Fla. 5th DCA 2023) (citations omitted). Rule 1.610 requires the trial court to set a bond when entering a temporary injunction, but it provides two exceptions where a bond can be waived: (1) when an injunction is issued on the pleading of a "municipality or the state or any officer, agency, or political subdivision thereof," or (2) when a temporary injunction is "issued solely to prevent physical injury or abuse of a natural person." Fla. R. Civ. P. 1.610(b). However, a trial court's failure to set a bond does not invalidate the temporary injunction on its own. *See Graham v. Battey,* 347 So. 3d 515, 522 (Fla. 5th DCA 2022) ("[T]he lack of a bond does not invalidate the injunction . . . ." (citing *Ralicki v. 998 SW 144 Ct. Rd, LLC*, 254 So. 3d 1155, 1157 (Fla. 5th DCA 2018))). Instead, the remedy for the trial court's failure to set a bond as required by rule 1.610(b) is that the trial court must conduct an evidentiary hearing to determine the amount of the bond to be posted. *See id.*

We find that Appellees' ex parte motion to freeze Appellant's assets was sufficient for the entry of an order to freeze Appellant's assets. However, after reviewing the guardianship court's freeze order, we find that it is legally insufficient insofar as it fails to adequately address and set forth factual findings to support all

4

four of the requisite elements for a temporary injunction. Finally, as no exception applies, the trial court erred when it did not require a bond in accordance with rule 1.610(b).

## III.

Accordingly, we reverse the order freezing Appellant's assets and remand for entry of an order that includes sufficient factual findings to support all four of the requisite elements for a temporary injunction. If the trial court is able to comply with this requirement, then it must set a bond in accordance with rule 1.610(b) and set a hearing to determine the amount of the bond that Appellees must post. However, if the trial court is unable to provide sufficient factual findings to support all four of the requisite elements for a temporary injunction, then it must enter an order denying the motion to freeze Appellant's assets.

REVERSED and REMANDED.

MAKAR and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____