# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1941
LT Case No. 2019-CA-018868

_____

WAYNE'S AGGREGATE AND
MATERIALS, LLC,

    Appellant,

    v.

JILL RENEE LOPEZ, as Personal
Representative of the Estate of
Roy Wayne Yates, JEFFREY
WELLS, BRYAN CRAIN, COLBY
CLARK, RONALD DAVIS, and
MICHAEL WOLFINGTON,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Brevard County.
Michelle L. Naberhaus, Judge.

Robin F. Hazel, of Hazel Law, P.A., Hollywood, and Thomas C.
Allison, of Thomas C. Allison, P.A., Orlando, for Appellant.

Robert Alden Swift, of Swift Legal Group, P.A., Orlando, for
Appellee, Jill Renee Lopez.

No Appearance for Remaining Appellees.


July 19, 2024

SOUD, J.

Appellant Wayne's Aggregate & Materials, LLC appeals the trial court's issuance of a temporary injunction prohibiting it from conducting mining operations on certain Brevard County property formerly owned by the now-deceased Roy Wayne Yates. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.130(a)(3)(B). We reverse the granting of the temporary injunction and remand for further proceedings.

I.

Wayne's Aggregate & Materials was formed by three founding members. Yates owned fifty percent of the company, and the other two founding members[1] owned the remaining fifty percent. As part of the consideration for his membership interest in Wayne's Aggregate & Materials, Yates agreed to transfer ownership of the property to Appellant following receipt of a total of $6,000,000 in distributions resulting from its operations conducted on the property.

Pertinent to this case, a dispute arose between Yates and the other owners of Wayne's Aggregate & Materials, resulting in the filing of numerous (consolidated) lawsuits in the Eighteenth Judicial Circuit Court. During the pendency of these cases, Yates died. Appellee Jill Renee Lopez was appointed as his estate's personal representative and substituted in as plaintiff.

Amongst numerous motions filed below by the parties, Lopez filed Plaintiff's Motion to Preserve Contested Property and to Maintain the Status Quo.[2] Ultimately, the trial court entered its "Order Temporarily Granting Motion to Preserve Contested Property and to Preserve Status Quo," which, after finding

---

[1] At some point, these two founding members sold their interest in Wayne's Aggregate & Materials to Appellees Colby Clark, Ronald Davis, and Michael Wolfington.

[2] This motion nowhere mentions Florida Rule of Civil Procedure 1.610, nor does it expressly mention or ask for the issuance of a temporary "injunction."

2

irreparable harm for which no legal remedy was available, found, "Although the Court cannot yet make a determination as to the intent of the parties, the Court finds merit in Plaintiff's argument. The likelihood of Plaintiff's success on the merits is dependent on facts to be discovered through parol evidence." The trial court ordered, *inter alia*, "[Wayne's Aggregate & Materials] is temporarily enjoined from resuming dredging and mining activities on the Yates Property until further order of this Court." The trial court did not require Lopez to post a bond.

This appeal followed.

## II.

Generally, when reviewing the issuance of a temporary injunction, Florida appellate courts review a trial court's factual findings for competent, substantial evidence, and we review its legal conclusions de novo. *See Fla. Dep't of Health v. Florigrown, LLC,* 317 So. 3d 1101, 1110 (Fla. 2021). "To the extent the decision to enter a temporary injunction involves an exercise of discretion, we defer to the trial court unless it has abused its discretion." *Id.*

At the outset, we must note that a temporary injunction by any other name is still a temporary injunction. Here, the trial court's "Order Temporarily Granting Motion to Preserve Contested Property and to Preserve Status Quo" is not identified as a temporary injunction, nor does it reference Florida Rule of Civil Procedure 1.610.[3] Nonetheless, the order "temporarily enjoin[s]" mining and dredging operations by Wayne's Aggregate & Materials on the Yates estate's property. As such, the order constitutes a temporary injunction. *See Orange County, Florida v. Fla. Ass'n for Const. Officers, Inc.,* 229 So. 3d 867, 869 (Fla. 5th DCA 2017) ("[T]he trial court's order barred the County from implementing and enforcing the Charter amendments until

---

[3] The trial court's order, though, recognizes that preserving the status quo pending resolution of a case "is the primary purpose of entering a temporary injunction," and cites our decision in *Yardley v. Albu*, 826 So. 2d 467, 470 (Fla. 5th DCA 2002), which squarely involves the issuance of a temporary injunction.

further order of the court and, thus, constitutes a non-final order granting injunct[ive] relief."). And it is governed by Rule 1.610.

Strict compliance with Florida Rule of Civil Procedure 1.610 is required because a temporary injunction is "an extraordinary remedy" that Florida courts should "sparingly" issue. *Yardley v. Albu*, 826 So. 2d 467, 470 (Fla. 5th DCA 2002). A party seeking a temporary injunction must establish four elements: (1) a substantial likelihood of success on the merits, (2) the unavailability of an adequate remedy at law, (3) irreparable harm absent issuance of an injunction, and (4) the injunction would serve the public interest. *See Florigrown, LLC*, 317 So. 3d at 1110. A movant's "[f]ailure to prove any one of the four elements mandates denial of the motion for temporary injunction." *Holland M. Ware Charitable Found. v. Tamez Pine Straw LLC*, 343 So. 3d 1285, 1289 (Fla. 1st DCA 2022).

In issuing a temporary injunction, Rule 1.610 requires that the trial court's order "specify the reasons for entry [and] describe in reasonable detail the act or acts restrained without reference to a pleading or another document." Fla. R. Civ. P. 1.610(c). *See also Yardley*, 826 So. 2d at 470. This means a trial court must provide "[c]lear, definite, and unequivocally sufficient factual findings to support each of the four elements." *Housman v. Housman*, 370 So. 3d 1006, 1009 (Fla. 5th DCA 2023); *see also City of Jacksonville v. Naegele Outdoor Advert. Co.*, 634 So. 2d 750, 754 (Fla. 1st DCA 1994), *approved*, 659 So. 2d 1046 (Fla. 1995), *as modified on reh'g* (Aug. 24, 1995); *Holland M. Ware Charitable Found.*, 343 So. 3d at 1290 (Rowe, J., concurring).

Additionally, when the trial court issues a temporary injunction, Rule 1.610 requires the trial court to set a bond. Specifically, the rule provides, "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Fla. R. Civ. P. 1.610(b). The plain language of the rule is compulsory. Thus, the trial court is without discretion to dispense with the requirement of a bond. *See Graham v. Battey*, 347 So. 3d 515, 522 (Fla. 5th DCA 2022).

4

Here, the trial court's order fails to comply with Rule 1.610 in two ways. First, the order fails to set forth sufficient factual findings as to *each* of the four elements Lopez was required to prove to warrant the issuance of the temporary injunction. *See Housman*, 370 So. 3d at 1009. *See also Naegele Outdoor Advert. Co.*, 634 So. 2d at 754; *Holland M. Ware Charitable Found.*, 343 So. 3d at 1290 (Rowe, J., concurring). More specifically, in addressing Lopez's likelihood of success on the merits, the trial found only that the intent of the parties was not yet determinable and"[t]he likelihood of [Lopez's] success on the merits is dependent on facts to be discovered through parol evidence." Such a finding is insufficient to permit entry of the temporary injunction. The trial court must find Lopez has a likelihood of success on the merits before the temporary injunction may be issued.

Further, the order fails to set a bond. The plain language of Rule 1.610(b) expressly requires the trial court to set a bond. And while the rule provides certain exceptions to this requirement, none are applicable in this case.[4]

As a result, the proper remedy is to remand this case to the trial court for further consideration. *See Yardley*, 826 So. 2d at 470; *Berk-Fialkoff*, 358 So. 3d at 476 (reversing entry of injunction and remanding for the trial court "to make the appropriate findings as to the four elements necessary for entry of an injunction"); *see also Housman*, 370 So. 3d at 1009 ("[A] trial court's failure to set a bond does not invalidate the temporary injunction on its own. Instead, the remedy for the trial court's failure to set a bond as required by rule 1.610(b) is that the trial court must conduct an evidentiary hearing to determine the amount of the bond to be posted.").

---

[4] Florida appellate courts, including this Court, also have permitted a trial court to dispense with a bond by stipulation of the parties or a finding of a party's financial inability to maintain a bond. *See, e.g.*, *St. Marks Pond Indus., LLC v. Boles*, 361 So. 3d 940, 941 (Fla. 5th DCA 2023); *see also Graham*, 347 So. 3d at 522 n.5. The record before us does not reflect a stipulation amongst the parties to waive the bond or a financial inability to maintain the bond.

## III.

Accordingly, we REVERSE the trial court's order enjoining Wayne's Aggregate & Materials, LLC from conducting the contemplated operations on the property and REMAND this case to the trial court for further proceedings.

If the trial court determines Lopez has established all four elements warranting issuance of the temporary injunction, the trial court shall enter a written order consistent with this opinion sufficiently setting forth its factual findings as to each of the four criterion. Further, in issuing the injunction, the trial court shall set a bond as contemplated by the rule.

It is so ordered.

LAMBERT and EISNAUGLE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

6