# Third District Court of Appeal

## State of Florida

Opinion filed June 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-2585
Lower Tribunal No. 25-15347-CA-01
_____


**Ramon Ruiz**,
Appellant,

vs.

**Public Storage, et al.**,
Appellees.



An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Ramon Ruiz, in proper person.

Lewis, Brisbois, Bisgaard & Smith LLP, and Jeffrey R. Geldens, and Caroline A. Sand, for appellees.

Before LOGUE, GORDO and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Fla. R. Civ. P. 1.610; Hamad v. Sarsour, 406 So. 3d 334, 337 (Fla. 3d DCA 2025) ("Although a trial court is afforded broad discretion, a temporary injunction is an extraordinary remedy which should be granted only sparingly.  A party seeking an injunction must demonstrate that (1) irreparable injury will result if relief is not granted; (2) there is no adequate remedy at law; (3) the party has a clear legal right to relief; and (4) entry of an injunction serves the public interest. The moving party must furnish competent, substantial evidence satisfying each prong.") (internal citations omitted); Yardley v. Albu, 826 So. 2d 467, 470 (Fla. 5th DCA 2002) ("Because the entering of a temporary injunction is an extraordinary remedy, strict compliance with the provisions of rule 1.610 is required.").